IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINTON E. CRAKER and DANA M. CRAKER, | CIVIL DIVISION |
| Plaintiffs, | No. 2:11-cv-00225-GLL |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS**

**I.   CASE HISTORY**

In January 2007, Plaintiffs were injured in a motor vehicle accident. (Compl. ¶¶ 5, 17, 19, 21.) At the time of this accident, Plaintiffs maintained an automobile insurance policy issued by State Farm. (Compl. ¶ 25.) This policy provides underinsured motorist (UIM) coverage to Plaintiffs. (Compl.¶¶ 26, 28.) In February 2008, the Plaintiffs each demanded the limits of this UIM coverage. (Compl. ¶¶ 37, 40.) According to Plaintiffs, State Farm "has refused to pay" these limits. (Compl. ¶¶ 38, 41.) Plaintiffs do not elaborate on when, how, or why State Farm has refused to pay the UIM limits; on whether State Farm has offered any amount of UIM benefits; and/or on whether there have been any communications between the parties since February 2008. (*See* Compl. generally.)

Based on these factual averments, Plaintiffs have filed a Complaint in Civil Action against State Farm for breach of contract (Counts I and II) and bad faith (Count III). State Farm

timely removed Plaintiff's lawsuit to this Court and, now, moves to dismiss Count III of Plaintiffs' Complaint, as well as Plaintiffs' demand for attorney's fees in Counts I and II. Further, State Farm asks this Court to strike the impertinent allegations set forth in paragraphs 50 through 54 of Count I and in paragraphs 63 through 67 of Count II.

## II.     ARGUMENT

A.     **This Court Should Dismiss Count III of the Complaint for Bad Faith.**

In Count III of the Complaint, the Plaintiffs attempt to jointly assert against State Farm a bad faith claim under 42 Pa. C.S.A. § 8371. But Plaintiffs have failed to allege specific facts sufficient to support their bad faith claim. Rather, the Plaintiffs inadequately rely on labels, conclusions, and a formulaic recitation of the elements of a bad faith action. Therefore, applying the standard of review set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), this Court should dismiss Count III.

Under Pennsylvania law, bad faith does not arise from mere negligence or bad judgment. *Condio v. Erie Insurance Exchange*, 889 A.2d 1136, 1143 (Pa. Super. 2006). Rather, in order to recover on a claim for bad faith, a plaintiff has the burden of showing that his insurer: (1) did not have a reasonable basis for its claim handling and decisions; and (2) if it did not, that the insurer knew or recklessly disregarded its lack of reasonable basis. *Terletsky v. Prudential Property Insurance Co.*, 649 A.2d 680 (Pa. Super. 1994).[1] Accordingly, an insurer does not act in bad faith by investigating legitimate issues of coverage. *Hyde Athletic Industries, Inc. v. Continental Casualty Co.*, 969 F.Supp. 289, 307 (E.D. Pa. 1997). *See also Jung v. Nationwide Mut. Fire Ins.*,

---

[1] *See also Polselli v. Nationwide Insurance Co.*, 23 F.3d 747 (3d Cir. 1994); *Klinger v. State Automobile Insurance Co.*, 115 F.3d 230 (3d Cir. 1997).

949 F.Supp. 353 (E.D. Pa. 1997) (granting summary judgment as it is not bad faith for an insurer to aggressively investigate and protect its interests).

In their Complaint, Plaintiffs have used only conclusory language to declare that State Farm's actions in handling their UIM claim constituted bad faith.  Indeed, the Plaintiffs simply declare that State Farm acted "unreasonably and unfairly" and/or failed to "objectively, reasonably and fairly" evaluate, investigate, respond to, and/or pay their UIM claims. (*See* Compl. ¶ 45.) But Plaintiffs provide no factual details other than alleging that Plaintiffs demanded the limits of their UIM coverage and that State Farm has "refused to pay" the UIM limits. These allegations are insufficient to show entitlement to relief as required under the heightened pleading standards of *Twombly*.

In *Phillips v. County of Allegheny*, the Third Circuit Court refined the *Twombly* standard and explained that the pleading party must make a showing of entitlement to relief, and must give the defendant fair notice of the claim and the grounds upon which it rests. 515 F.3d 224 (3d Cir. 2008). A party may not simply make a "bare averment that he wants relief and is entitled to it." *Id*. at 233.  Labels, conclusions, and/or a formulaic recitation of the elements of a cause of action will not suffice. *Id*. at 231. When the complaint's allegations do not meet the requisite pleading standard and establish an entitlement to relief, "this basic deficiency should . . .be exposed at a point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.[2]

---

[2]Citing 5 Wright & Miller § 1216, at 233-234.  *See also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc*., 289 F. Supp. 2d 986, 995 (ND Ill. 2003) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

Considering *Twombly* and its progeny, the Eastern District Court recently granted a motion to dismiss based upon nearly identical allegations of bad faith. *Eley v. State Farm Ins. Co.*, 2011 U.S. Dist. LEXIS 8915 (E.D. Pa. 2011). In *Eley*, the plaintiffs alleged that they had stacked UIM coverage up to $200,000.00, that plaintiff-wife was injured in a motor vehicle accident with an underinsured tortfeasor, that plaintiffs had sent a letter to their insurer demanding UIM benefits of $195,000.00, and that the insurer had declined to offer a settlement or refer the matter to arbitration. *Id*. at *2. Thus, the *Eley* plaintiffs asserted that their insurer had acted in bad faith for its alleged "failure to negotiate plaintiffs' [UIM] claim in good faith" and its alleged "failure to properly investigate and evaluate plaintiff[s]'insurance claim." *Id*. at *12. Since these "bare-bones" allegations were devoid of factual specificity, the court dismissed the plaintiffs' bad faith count. In dismissing the bad faith count, the court stated that "Plaintiffs have alleged no facts from which the Court can infer Defendants had 'no reasonable basis' for either denying benefits or declining to proceed to arbitration and that it knew of or disregarded its lack of a reasonable basis." *Id*. at *13.

In reaching its holding the *Eley* court relied, in part, on *Atiyeh v. National Fire Ins.Co.*, 2010 U.S. Dist. LEXIS 102697 (E.D. Pa. 2010) and *Robbins v. Metro Life Insurance Company of Connecticut,* 2008 U.S. Dist. LEXIS 104902 (E.D. Pa. 2008). In *Atiyeh*, the plaintiff sued its insurance company for denying a claim asserted only "bare-bones" conclusory allegations against the insurer. For example, the plaintiff alleged that the company improperly denied its claim by: (i) making false and fraudulent representations about plaintiff's performance of the policy's maintenance requirements; (ii) unreasonably refusing to indemnify the plaintiff for its loss; (iii) breaching its duty of good faith and fair dealing by failing to conduct a reasonable

investigation; (iv) denying benefits without a reasonable basis while knowingly disregarding its lack of reasonably basis in denying the claim; and (v) asserting policy defenses without a reasonable basis. *Id*. at *18-9.  The *Atiyeh* court held that these were merely conclusory statements rather than factual averments upon which the plaintiff could maintain a bad faith claim. As the court stated, "Plaintiff provides no factual support from which [the court] can conclude that defendant's actions in investigating and evaluating plaintiff's claim were unreasonable." *Id.* at *20. Nor did the plaintiff aver specific facts regarding the policy's maintenance requirements and how he allegedly satisfied them. *Id*. at *21. Therefore, rather than crediting the plaintiff's bald assertions, the court dismissed the plaintiff's bad faith claim.

Similarly, in *Robbins*, the plaintiff alleged that the defendant insurance company "fail[ed] to objectively and fairly evaluate Plaintiff's claims; assert[ed] defenses without reasonable basis in fact; unnecessarily and unreasonably compell[ed] litigation; conduct[ed] an unreasonable investigation of Plaintiff's claims; and unreasonably withh[eld] policy benefits." 2008 U.S. Dist. LEXIS 104902, *7-8. The court granted the defendant's motion for judgment on the pleadings, dismissing the plaintiff's bad faith claim for failure to plead sufficient facts allegations in support thereof. *Id*.

In this matter, as in *Eley, Atiyeh* and *Robbins*, Plaintiffs have not pleaded facts sufficient to support their bad faith claim. Indeed, as the court found in *Eley*, accepting all well-pleaded facts as true, this Court could concluded only that: (1) Plaintiffs' insurance policy with State Farm provides UIM coverage; (2) Plaintiffs suffered injuries in a motor vehicle accident with an underinsured tortfeasor; and (3) State Farm has declined to settle Plaintiffs' UIM claims. *See Eley*, 2001 U.S. Dist. LEXIS 8915, *12.  Otherwise, Plaintiffs have made threadbare averments

of entitlement by simply declaring, for example, that State Farm failed to reasonably evaluate, investigate, respond to, and/or pay their UIM claims. (*See* Compl. ¶ 45.) But Plaintiffs have alleged no fact from which this Court can infer that State Farm had no reasonable basis for declining to pay UIM coverage limits and that State Farm knew or disregarded its lack of a reasonable basis.  *See Terlesky*, 649 A.2d 680; *Eley* at *13.

Because Plaintiffs' empty allegations are insufficient to state a bad faith claim on which relief can be granted, this Court should dismiss Count III of the Complaint.

**B.     This Court Should Strike Plaintiffs' Claim for Attorneys Fees in Counts I and II.**

Plaintiffs are not entitled to recover attorney's fees in connection with the breach of contract claims set forth in Counts I and II of their Complaint. Under Pennsylvania law, attorney's fees can be recovered from an adverse party only if there is statutory authority or a clear agreement between the parties that provides for such an award.  *Knecht, Inc. v. United Pacific Ins. Co.*, 860 F.2d 74 (3d Cir. 1988); *Snyder v. Snyder*, 620 A.2d 1133 (Pa. 1993); *Corace v. Balint*, 210 A.2d 882 (Pa. 1965) (holding that Pennsylvania disfavors awarding attorney's fees and follows the American Rule that requires each litigant to bear its own counsel fees).  In this matter, neither the insurance policy, (*see* Compl. Ex. A), nor a Pennsylvania statute provide for an award of attorney's fees under the facts alleged.  Therefore, as a matter of law, the Plaintiffs cannot recover attorney's fees in connection with their contract claims in Counts I and II.

**C.      This Court Should Strike Impertinent Allegations in Counts I and II.**

Federal Rule of Civil Procedure Rule 12 (f) permits a court to strike allegations of a pleading that are impertinent and immaterial. In paragraphs 50 through 54 of Count I and in paragraphs 63 through 67 of Count II, the Plaintiffs set forth allegations that are immaterial and impertinent to their breach of contract claims. Indeed, these paragraphs reference State Farm's alleged "statutory obligations" to investigate, evaluate, and negotiate Plaintiffs' UIM claims "objectively," "fairly," and/or "reasonably." In other words, these paragraphs relate to State Farm's claim handling.

Allegations regarding claim handling are immaterial and impertinent to breach of contract claims seeking adjudication of legal entitlement to UIM benefits. As averred by Plaintiffs, the insurance contract provides that, regarding UIM benefits, State Farm "will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle." (Compl. ¶¶ 46, 59.) State Farm's statutory obligations and/or its claim handling decisions have no bearing on the compensatory damages for bodily injury that the Plaintiffs may be entitled to recover from the owner or driver of an underinsured motor vehicle. Thus, this Court should strike Plaintiffs' contentions regarding State Farm's alleged claim handling and statutory obligations as set forth in paragraphs 50 through 54 of Count I and in paragraphs 63 through 67 of Count II.

**III.     CONCLUSION**

For the reasons set forth above, Defendant, State Farm Mutual Automobile Insurance Company, respectfully requests that this Honorable Court grant its Motion to Dismiss and enter

an Order of Court with the following rulings: (1) dismissing Count III of Plaintiffs' Complaint; (2) dismissing the Plaintiffs' demands for attorney's fees, set forth in the *ad damnum* clauses of Counts I and II; (3) striking paragraphs 50 through 54 of Count I; and (4) striking paragraphs 63 through 67 of Count II.

        Respectfully submitted,

        ROBB LEONARD MULVIHILL LLP

By:   /s/ Daniel L. Rivetti
        Daniel L. Rivetti, Esquire
        PA I.D. No.: 73015
        Mark A. Martini, Esquire
        PA I.D. No.: 91001

        SEGMILLER & MENDICINO, P.C.

/s/   Kathleen A. Segmiller
       Kathleen A. Segmiller, Esquire
       Pa. I.D.: 62929