IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINTON E. CRAKER and DANA M. CRAKER, <br><br>    Plaintiffs <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br>    Defendant. | 2:11-cv-00225-GLL |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

AND NOW, come the Plaintiffs, Clinton E. and Dana M. Craker, by and through their attorneys, EDGAR SNYDER & ASSOCIATES, LLC, and CYNTHIA M. DANEL, ESQUIRE and set forth the following Response to Defendant's Motion to Dismiss:

### I.   FACTUAL AND PROCEDURAL HISTORY

1. The above-captioned matter arises out the serious and severe personal injuries of Plaintiffs, Clinton and Dana Craker, sustained in a motor vehicle collision that occurred on January 29, 2007 when they were struck head on by a vehicle negligently operated by Michelle Paylo. (Compl. at ¶ 10-17.)

2. As a result of this accident, Plaintiffs made claims against Michelle Paylo's insurer and each recovered the policy limits of $100,000 per person from the Paylo policy of liability insurance coverage. (Compl. at ¶ 23-24.)

3. The damages sustained by both Clinton Craker and Dana Craker were each in excess of the coverage limits of $100,000 per person provided by the liability policy on Ms. Paylo. (Compl. at ¶ 23-24.)

4.    At the time of the accident Mr. and Mrs. Craker were insured by the Defendant, State Farm under a policy of insurance bearing policy number 87-2231-A25-38A and said policy provided underinsured motor vehicles coverage (UIM) in the amount of $100,000/300,000 stacked on two vehicles. (Compl. at ¶ 28-32.)

5.    As a result of the severity of their injuries and the insufficient amount of the third party liability coverage recovered from the tortfeasor's insurer, Plaintiffs presented Underinsured Motorist Claims to their personal automobile insurance carrier, Defendant, State Farm Mutual Automobile Insurance Company. (Compl. at ¶ 35.)

6.    Plaintiffs are both eligible for UIM benefits under the insurance contract and sought the full amount of underinsured coverage available to them, *i.e.* $200,000 each. (Compl. at ¶ 27.)

7.    State Farm refused to fairly evaluate and pay Plaintiffs' UIM claim and Plaintiffs subsequently filed suit against State Farm in the Court of Common Pleas of Allegheny County, demanding payment of the UIM proceeds and presenting claims for both breach of contract and bad faith. (Compl. at ¶ 38-42, 52, 65).

8.    This suit included requests for relief for the harms suffered by Plaintiffs for the unreasonable denial of insurance benefits as well as improper claims handling practices in violation of both common law and statutory duties in light of evidence presented to the Defendant including medical records and an admission of liability of the tortfeasor. (Compl. at ¶ 38-42, 52, 65).

9.    Plaintiffs further allege that any reasonable investigation into the records provided to them would reveal that the only reasonable course of action is to pay the policy limits to each Plaintiff as they each have damages far in excess of the policy limits. (Compl. at ¶ 51, 64).

# 1209336

10. Plaintiffs initially filed the instant lawsuit in the Court of Common Pleas of Allegheny County against the Defendant, State Farm, on January 14, 2011 subsequent to State Farm's refusal to make a reasonable offer for settlement in over two years. The case was removed to Federal Court by Defendant, State Farm. (Rec. Doc. No. 1). Defendant subsequently filed a motion to dismiss and accompanying brief on February 25, 2011. (Rec. Doc. No. 5 and 6). Plaintiffs filed a Motion to Remand and Brief in Support on March 18, 2011. (Rec. Doc. No. 10 and 11). Plaintiffs now file their response and brief in support thereof to seek denial of Defendant's motion to dismiss as sufficient facts are plead to give notice to Defendant of Plaintiffs' claim and, if proven at trial to be true, to allow for recovery against Defendant, State Farm, as well as to oppose the striking of relevant allegations from Plaintiffs' Complaint.

## II.   ARGUMENT

### A.   PLAINTIFF'S HAVE PROPERLY PLED A BAD FAITH CLAIM AND ALLEGED FACTS SUFFICIENT TO PLACE DEFENDANT ON NOTICE OF THE CLAIM

11. Defendant in its Motion to Dismiss seeks to have the Court dismiss Count III of Plaintiffs' Complaint; requests that the Court strike Plaintiffs' demand for attorneys' fees in Counts I and II; and requests that paragraphs 50-54 and 63-67 be stricken as impertinent. Counts I and II of the Complaint allege Breach of Contract. Count III of the Complaint alleges Bad Faith by both Plaintiffs against State Farm. (Rec. Doc. No. 1, Exhibit 1 and 2).

12. Defendant incorrectly asserts that Plaintiffs have not sufficiently pled their bad faith claim. Plaintiffs have pled substantial factual allegations including failures to evaluate medical records, to adopt appropriate investigative procedures, or make any reasonable offer to the Plaintiffs in light of the evidence of Plaintiffs' injuries. *Rice v. State Farm Fire & Cas. Co.*, 2010 U.S. Dist. LEXIS 87625 at *9-12, n.4 (M.D.Pa. Aug. 25, 2010) (finding that peculiarly

# 1209336

similar allegations to those made in the present matter where sufficient under the new pleading standards in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009to state a claim for relief); *Javorski v. Nationwide Mut. Ins. Co.*, 2006 U.S. Dist. LEXIS 53480 at *20-22 (M.D. Pa. Aug. 2, 2006) (also indicating that bad faith encompasses a wide range of conduct).

13.   Plaintiffs assert that case law cited by the Defendant is distinguishable from the present matter as the Plaintiffs provide factual pleadings beyond the mere conclusory allegations provided in those cases. *Eley v. state Farm Ins. Co.*, 2011 U.S. Dist. LEXIS 8915 at *12 (E.D. Pa. Jan. 31, 2011); *Atiyeh v. National Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 102697 (E.D. Pa. Sept. 27, 2010); *Robbins v. Metro Life Ins. Co. of Conn.*, 2008 U.S. Dist. LEXIS 104902 (E.D. Pa. Dec. 24, 2008).

14.   Furthermore, Plaintiffs note the incongruity in attacking only the bad faith claim here as the breach of contract and bad faith claims are intertwined and the allegations to support each are likewise intertwined as a finding of bad faith also constitutes a breach of contract. *Amitia v. Nationwide Mut. Ins. Co.*, 2009 U.S. Dist. LEXIS 2840 at *11-12 (M.D.Pa. 2009) (*citing Birth Center v. St. Paul Companies, Inc.*, 787 A.2d 376, 379, 400-01 (Pa. 2001)).

### B. PLAINTIFFS ARE STATUTORILY ENTITLED TO ATTORNEYS FEES

15.   Plaintiffs are statutorily entitled to attorney's fees under 42 Pa.C.S. § 8371 (2010) and this Honorable Court must deny Defendant's motion to strike should they deny Defendant's motion to dismiss the bad faith claim. *Fitzpatrick v. State Farm Ins. Co.*, 2010 U.S. Dist. LEXIS 51348 * 11 (W.D.Pa. May 24, 2010) (citing *Snyder v. Snyder*, 620 A.2d 1133, 1138 (Pa. 1993)).

16.   Plaintiffs are entitled to make claims for attorney's fees in the *ad damnum* clauses of each count based upon the standard for striking allegations from a complaint and relevant

caselaw interpreting the same as bad faith action is also a breach of contract and the Plaintiffs are statutorily entitled to such damages. *Thomas v. State Farm Mut. Auto. Ins. Co.*, No. 09-232 (W.D. Pa. filed April 14, 2009).

17.   Should the court find that the Plaintiffs' requests for attorneys fees in the *ad damnum* clauses of the breach of contract actions is improper, the Plaintiffs alternatively request leave to amend their complaint to rectify any improper assertions. This is an appropriate matter for a grant of leave to amend because the deficiency in the complaint does not affect the purpose of the pleading, which is to provide notice of the claim, and the courts have broad discretion in granting leave to amend under these circumstances.

### C. PLAINTIFFS PROPERLY PLED ALLEGATIONS RELATING TO CLAIMS HANDLING IN THEIR BREACH OF CONTRACT CLAIMS

18.   Plaintiffs' allegation relating to claims handling within their breach of contract actions are proper as the Defendant has failed to meet its burden in demonstrating these allegations are insufficient as Defendant has cited not case law or relevant statutory authority to support the same. Fed. R. Civ. P. 12(f).

19.   Furthermore, relevant case law supports the Plaintiffs' position that breach of contract action claims and bad faith claims are peculiarly related so that a finding of bad faith can also constitute a breach of contract. *Amitia v. Nationwide Mut. Ins. Co.*, 2009 U.S. Dist. LEXIS 2840 at *11-12 (M.D.Pa. 2009) (*citing Birth Center v. St. Paul Companies, Inc.*, 787 A.2d 376, 379, 400-01 (Pa. 2001)); *Javorski v. Nationwide Mut. Ins. Co.*, 2006 U.S. Dist. LEXIS 53480 at *22 (M.D.Pa. Aug. 2, 2006). Therefore allegations related to claims handling are also properly asserted in the breach of contract action. *Zagola v. Provident Life & Accident Ins. Co. of Am.*, 671 F. Supp. 2d 623, 634 (M.D. Pa. 2009).

20. Furthermore, references to reasonableness, objectiveness, or fairness as well as investigation, evaluation, and negotiation relate to the duty of good faith and fair dealing arising out of the contract and whether the Defendant has breached the contract by violating this duty through their actions and this Honorable Court must not strike these phrases from the term as it will impair Plaintiffs' ability to recover under their breach of contract claims which are not at issue in these motions.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court DENY Defendant's Motion to Dismiss as the Plaintiffs have appropriately stated facts that will entitle the Plaintiffs to relief if found to be true by the fact finder and satisfied their duty to notify the Defendant of the claims brought against them. Plaintiffs further request that this Honorable Court enter an order to DENY Defendant's motion to strike requests for attorney's fees and allegations of improper claims handling practices and/or granting Plaintiffs leave to file an amended complaint to correct any deficiencies, should this court find any exist, in their pleading with regard to the motion to dismiss and motions to strike.

Respectfully submitted,

EDGAR SNYDER & ASSOCIATES, LLC

By _____
Cynthia M. Danel, Esquire
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS was served on all Counsel listed below, by First Class Mail, postage prepaid, on this 23 day of March, 2011:

> Daniel L. Rivetti, Esquire
> Mark A. Martini, Esquire
> Robb Leonard Mulvihill
> BNY Mellon Center, 23rd Floor
> Pittsburgh, PA  15219
>
> Kathleen A. Segmiller, Esquire
> Segmiller & Mendicino
> 3700 South Water Street, Suite 1
> Pittsburgh, PA  15203

Cynthia M. Danel, Esquire
Attorney for Plaintiffs