IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINTON E. CRAKER and DANA M. CRAKER, | CIVIL DIVISION |
| Plaintiffs, | No. 2:11-cv-00225-GLL |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

### STATE FARM'S BRIEF IN OPPOSITION TO MOTION FOR REMAND

Plaintiffs acknowledge that diversity jurisdiction exists. In their Motion for Remand, they argue only that a "forum selection clause" in the State Farm insurance policy operates to waive State Farm's right to remove the case to Federal Court. The policy provision at issue states that if the parties do not agree on the amount of the Crakers' damages, the Crakers "shall file a lawsuit in a state or federal court" against State Farm. Federal Courts in Pennsylvania have consistently ruled that similar contractual language does not constitute a waiver of a party's right to remove to Federal Court. Rather, waiver only exists when explicitly stated in the contract. For these reasons as fully discussed below, the Crakers' Motion for Remand should be denied.

### I.     BACKGROUND

This case involves a valuation disputes regarding the Crakers' claim for underinsured motorist ("UIM") benefits under a motor vehicle insurance policy that they maintained with State Farm. After negotiations failed and the Parties could not agree on the value of the Crakers' respective UIM claims, on January 14, 2011 the Crakers commenced this action against State Farm

by filing a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania.

In Counts I and II of their Complaint, the Crakers demand UIM benefits of $200,000.00 each, plus attorney's fees, alleging that State Farm breached the insurance contract. Although this case presents only a valuation dispute, in Count III the Crakers demand punitive damages, interest and attorney's fees, alleging that State Farm acted in bad faith in violation of Pennsylvania's bad faith statute, 42 Pa.C.S. § 8371.

State Farm was served with the Complaint on or about January 24, 2011 and timely removed this case on February 18, 2011 based upon diversity jurisdiction. The Crakers do not contest that this court has original jurisdiction over this matter.

After State Farm moved to dismiss the Crakers' bad faith claim, and to strike various paragraphs and damage claims in the Complaint[1], the Crakers filed a Motion to Remand this case based solely upon the following language of the policy:

> If there is no agreement on the answer to either question 1.a above, then the insured shall: (1) file a lawsuit, in a state or federal court that has jurisdiction, against: (a) us; ...

(State Farm Policy at p. 24, Section 1.b)

Under the plain language of the policy, Pennsylvania law and federal law, the subject language only dictates how the Crakers may pursue their claim for UIM benefits when the Parties disagree on value, and does not constitute a waiver of State Farm's to remove to Federal Court.

---

[1] State Farm's Motion to Dismiss is currently pending before this Court.

II. <u>**ARGUMENT**</u>

    A. <u>**The Crakers' Motion for Remand Should Be Denied Because the Policy Language Cannot be Construed as a Waiver of State Farm's Right to Remove.**</u>

The contractual provision at issue merely provides where an insured may file suit. It does not amount to a waiver of State Farm's right to remove. The Third Circuit has held that, in the context of a contractual waiver of the right to removal, the district courts are to decide whether waiver occurred based on ordinary principles of contract interpretation. *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207 (3rd Cir. 1991); *See also, Munich Welding, Inc.*, 415 F.Supp.2d 571, 574 (W.D.Pa. 2006) (Lancaster, C.J.). Under Pennsylvania law, the nature and extent of the various rights and obligations of the parties to an insurance contract are governed by the terms of the policy. *See, McDivitt v. Pymatuning Mut. Fire Ins. Co.*, 449 A.2d 612 (Pa. Super. 1982). If the language of the contract is clear and unambiguous, a court is required to give effect to that language. *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 469 A.2d 563, 566(Pa. 1983). When agreements involve clear and unambiguous terms, the court "need only examine the writing itself to give effect to the parties' understanding," and "must construe the contract only as written and may not modify the plain meaning under the guise of interpretation." *Currid v. Meeting House Restaurant, Inc.*, 869 A.2d 516, 519 (Pa. Super. 2005).

Applying basic contract principles to this case, it is apparent that the plain language at issue merely provides that an insured *may initiate* an action in one of two types of forums, stating that an "insured shall: (1) file a lawsuit, in a state or federal court . . ." This language cannot be interpreted as limiting State Farm's right to remove if an insured files suit in state court.

This interpretation is consistent with that applied by the federal district courts of Pennsylvania when construing similar provisions. For example, in *Periodic Graphics, Inc. v. Spitz*, 1994 U.S.Dist.LEXIS 12971 (E.D.Pa. 1994), the plaintiff filed a complaint in the Court of Common Pleas of Montgomery County, Pennsylvania alleging that its employee and another company violated an employment agreement. The defendants removed the case to the United States District Court for the Eastern District of Pennsylvania. The plaintiff moved to remand arguing that the following contract provision amounted to a waiver of a right to remove:

> The Employee irrevocably and unconditionally agrees that in the event of any violation referred to in Section 6(a) above, an action may be commenced . . . in any federal or state court of competent jurisdiction . . .

Much like the Crakers in this case, the plaintiff in *Periodic Graphics* relied heavily on the Third Circuit's decision in *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207 (3rd Cir. 1991). The Eastern District rejected their argument finding that the phrase "commencing an action in any federal or state court of competent jurisdiction" is not equivalent to the contractual language in *Foster*[2]. The district court explained:

> In *Foster*, the Third Circuit found that by "consenting to 'submit' to 'any court' of competent jurisdiction at the 'request of the company'" the defendant had "agreed to go, *and stay in*" the forum chosen by the plaintiff. The court also noted that the clause provided that "matters arising out of the reinsurance agreement are to 'be determined in accordance with the law *and practice* of *such* court." The court noted that although the applicable substantive law would be the same in federal or state court, the "practice" of each court would differ. By agreeing that any controversy would be determined by the "*practice* of *such* court", the defendant in *Foster* had agreed to the plaintiff's chosen forum, the state court, and waived the right to removal.

---

[2] In *Foster* the contract contained the following forum selection clause: "at the request of the company the [defendant] will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction; and all matters arising [under the contract] shall be determined in accordance with the law and practice of such court."

*Periodic Graphics*, 1994 U.S. Dist. LEXIS 12971 at 5-6 (Italics in original) (Citations omitted)

The district court explained that because the forum selection clause before it did not refer to the "practices" of any court and only provided that an action "may be commenced" in "any federal or state court of competent jurisdiction sitting in Philadelphia or Montgomery County Pennsylvania," the Third Circuit's analysis in *Foster* was inapplicable. Therefore, the court denied the plaintiff's motion to remand holding that the defendant <u>did not</u> waive its right to remove under clause at issue. *Periodic Graphics*, 1994 U.S. Dist. LEXIS 12971[3].

This Court similarly refused to find waiver of a defendant's right to remove in *Munich Welding, Inc. v. Great American Ins. Co.*, 415 F.Supp.2d 571 (W.D.Pa. 2006) (Lancaster, C.J.). In *Munich* the plaintiff filed a declaratory judgment action against its insurance company in the Court of Common Pleas of Fayette County, Pennsylvania. The defendant-insurance company removed the case to this Court based upon diversity jurisdiction. The plaintiff moved to remand the case based upon the following contract provision:

> no suit or action shall be commenced by a Claimant under this bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located. . .

*Munich*, 451 F.Supp.2d at 574.

In applying contract interpretation principals, this Court rejected the plaintiff's argument and held that the language was clear and did not constitute a waiver of defendant's right to remove. *Id.*; *See also, Little League Baseball, Inc. v. Welsh Pub. Group, Inc.*, 874 F.Supp. 648 (M.D.Pa. 1995) (Holding that under normal rules of contract interpretation the following was not a waiver of a right

---

[3] At least one other district court construing similar language has held that a forum selection clause that permits "an action in either state or federal court" is a permissive clause that allows the case to proceed in either court and does not serve as a waiver of removal. *See, J.P. Morgan Chase v. Reijtenbagh*, 611 F.Supp.2d 389 (S.D.N.Y. 2009).

to remove: "this agreement shall be construed in accordance with the laws of the State of Pennsylvania in the Court of Common Pleas of Lycoming County [and that] all parties hereto consent to jurisdiction in the State of Pennsylvania.").

Here, as in *Periodic Graphics, Munich* and *Little League Baseball*, the application of contract interpretation principals to the subject provision requires a finding that State Farm in no way waived its right to remove an action that the Crakers commenced in state court. Indeed, the Crakers are trying to "fit a square peg into a round hole" in arguing that *Foster* dictates remand of this matter, and this Court should properly reject the Crakers' argument[4].

The Crakers argue that State Farm waived its right to remove by not expressly reserving it in the policy. Such a position is contrary to the rules of contract interpretation and suggests adopting a blanket rule where everything not expressly reserved in any given contract is waived. The Sixth Circuit rejected a similar argument in *Regis Assocs. v. Rank Hotels Ltd.*, 894 F.2d 193, 194 (6th Cir. 1990) (holding that "the right of removal is statutory and generally, it is the waiver of a statutory right that must be set forth.)[5]

---

[4] Although the Crakers go to great lengths to try to distinguish *Munich* (where this Court found no waiver) from this case, they do not cite to any cases that have found a waiver of the right to remove under contractual clauses similar to the one at issue here.

[5] The Crakers also argue that the provision is ambiguous and must be construed in their favor. But no Court has found this or similar language ambiguous, and, as demonstrated above, similar language has not been found to be ambiguous. Therefore, this argument should be rejected.

## III. CONCLUSION

For the foregoing reasons, the policy provision at issue does not, as a matter of law, constitute a waiver of State Farm's right to remove to Federal Court. Therefore, the Court should deny Plaintiffs' Motion for Remand.

Respectfully submitted,

ROBB LEONARD MULVIHILL LLP

By: /s/ Daniel L. Rivetti
Daniel L. Rivetti, Esquire
PA I.D. No.: 73015
Mark A. Martini, Esquire
PA I.D. No.: 91001

SEGMILLER & MENDICINO, P.C.

/s/ Kathleen A. Segmiller
Kathleen A. Segmiller, Esquire
Pa. I.D.: 62929