IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINTON E. CRAKER and DANA M. CRAKER, </br> Plaintiffs </br> v. </br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, </br> Defendant. | 2:11-cv-00225-GLL |

### REPLY BRIEF TO STATE FARM'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

AND NOW, come the Plaintiffs, Clinton E. and Dana M. Craker, by and through their attorneys, EDGAR SNYDER & ASSOCIATES, LLC, and CYNTHIA M. DANEL, ESQUIRE and set forth the following Reply Brief.

This case arises in the context of automobile insurance policies that were written after the Pennsylvania Supreme Court declared in *Insurance Federation of Pennsylvania, Inc. v. Koken*, 585 Pa. 630, 889 A.2d 550 (Pa. 2005) which held that the Pennsylvania Department of Insurance does not have authority to require mandatory binding arbitration for uninsured motorist (UM) and underinsured motorist (UIM) coverage disputes. *Id.* at 555. *Bukofski v. USAA Cas. Ins. Co.*, 2009 U.S. Dist. LEXIS 48128 (D. Pa. 2009). Immediately after the *Koken* decision, many insurers in Pennsylvania (including State Farm) changed their policies, removing UM/UIM arbitration clauses and inserting clauses that required the insured to file suit in the event of a

disagreement over the value of the UM/UIM claim. The "post *Koken*" UM/UIM clause in the Craker State Farm policy states:

> If there is no agreement on the answer to either question [] above, then the insured **shall**: (1) file a lawsuit, in **a state or federal court that has jurisdiction**, against (a) us;...

(See State Farm Policy at pg. 24 (emphasis added), Deciding Fault and Amount-Coverages W and W3, attached to Plaintiffs' Motion to Remand as "Exhibit A").

A forum selection clause in a contract "designates a particular state or court as the jurisdiction in which the parties will litigate disputes arising out of the contract and their contractual relationship." 17A AM. JUR. 2D *Contracts* § 259 (2004) (citation omitted).

As the Crakers and State Farm were not able to agree; the Crakers filed a claim for underinsured motorist benefits in state court as required by the contractual language in their insurance policy with State Farm. The forum selection clause gave Plaintiffs the choice of forum: state or federal court. If the policy's provision is interpreted to then permit State Farm to remove it to federal court, as State Farm argues in its brief in opposition to remand, it renders the provision meaningless. State Farm drafted the clause and, had it intended to preserve its right to remove, State Farm could have employed language similar to language found in a case decided by this very court in *Munich Welding, Inc. v. Great Am. Ins.*, 415 F. Supp. 2d 571 (D. Pa. 2006). In *Munich,* the Plaintiff filed suit in the Court of Common Pleas of Fayette County and the defendant insurer removed the case to federal court based upon diversity. This Honorable Court, in deciding whether Great American had contractually waived its right of removal, held that,

based upon the language of the forum selection clause in its policy, Great American Insurance did not waive its right to remove. The forum selection clause in *Munich* is as follows:

> no suit or action shall be commenced by a Claimant under this bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located. . .

*Munich Welding, Inc. v. Great Am. Ins.*, 415 F. Supp. 2d 571, 574 (W.D. Pa. 2006) (Lancaster, C.J.)

In its opinion in *Munich*, this Court held:

> Both the state and the federal court are courts of competent jurisdiction in the location where the work was performed. Accordingly, based upon the plain language of the clause, the court finds defendant did not waive its right to remove this case.

*Munich Welding, Inc. v. Great Am. Ins.*, *supra* at 574.

In this case, *the only party that can file suit* regarding a disagreement over the value of a UIM claim is the insured, *i.e.* the Crakers. The forum selection clause does not merely give the Crakers the right to file *in a court of competent jurisdiction*, it gives the Crakers the right <u>*to choose*</u> to file in *either state or federal court* and, therefore, State Farm has implicitly waived its right to remove. If State Farm had intended to preserve its right to remove, the policy could have simply stated (as in *Munich*) that "the insured shall file a lawsuit in <u>*a court*</u> that has jurisdiction against us" rather than stating, "the insured shall: (1) file a lawsuit, in <u>*a state or federal court*</u> that has jurisdiction, against (a) us;...."

In support of its position, State Farm cites *Periodic Graphics, Inc. v. Spitz,* 1994 U.S.Dist. LEXIS 12971 (E.D.Pa. 1994) in which the Plaintiff Periodic's Motion to Remand was denied. The court in *Periodic Graphics,* interpreted the following language in an Employment Agreement:

> The Employee irrevocably and unconditionally agrees that in the event of any violation of the restrictions referred to in Section 6(s) above, an action may be commenced for preliminary and permanent injunctive relief and other equitable relief in any federal or state court of competent jurisdiction sitting in Philadelphia or Montgomery County, or if the employee then resides in Tennessee in Davidson or Sumner County, Tennessee, <u>*or in any court of competent jurisdiction.*</u> The employee hereby waives to the fullest extent permitted by law, any objection that he may now or hereafter have to such jurisdiction or the laying of venue of any such suit, action or proceeding, brought in such a court and any claim that such suit, action or proceeding has been brought in an inconvenient forum.

(Emphasis supplied) *Id.* at *2.

The court in *Periodic Graphics* held:

> An interpretation of the forum selection clause in the present case indicates an agreement to certain geographical locations for the convenience of the parties rather than a waiver of the defendant's right to removal.

*Periodical Graphics v. Spitz*, 1994 U.S. Dist. LEXIS 12971 (W.D. Pa. 1994).

The forum selection provision of the *Periodic Graphic's* Employment Agreement contained the language, "in any federal or state court of competent jurisdiction," but in addition provides <u>*"or in any court of competent jurisdiction."*</u> If taken out of context, without the provision's additional language, the forum selection clause in *Periodic Graphics* is seemingly similar to the language in *Craker*. However, the language in *Periodic Graphics* is distinguishable in several ways. First, the *Periodic Graphics'* agreement was an Employment Agreement between two sophisticated corporate entities, and not an insurance agreement, like

the insurance agreement in this case. Second, the court, relying upon *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1217 (3d Cir.), *cert. denied*, 116 L. Ed. 2d 245, 112 S. Ct. 302 (1991), held that the forum selection provision in *Periodic Graphics* showed, not a waiver of removal, but merely a provision setting forth convenient forums. The Employment Agreement specifies that venue shall be in "Philadelphia or Montgomery County, or if the employee then resides in Tennessee in Davidson or Sumner County, Tennessee, or in any court of competent jurisdiction." The *Periodic Graphics* court, cited *Foster* as follows:

> In Foster, the Court of Appeals for the Third Circuit stated that, in the context of a contractual waiver of the right of removal, the waiver need not be "clear and unequivocal". Id. at 1218-19 n.15. Instead, the court stated that determining contractual waiver is a "matter of construction". Id.

*Periodical Graphics v. Spitz,* 1994 U.S. Dist. LEXIS 12971 (W.D. Pa. 1994)

Using the *Foster* holding that "determining contractual waiver is a 'matter of construction'" the court found that the forum selection clause in *Periodic Graphics* provided for a *specific county* for geographic convenience rather than to vest one party with the right to choose the fora. Here, in *Craker*, there is no mention of location in the forum selection clause, just "state or federal court". The *only* meaning that can be attributed to the State Farm language is that State Farm intended to be bound by the insured's selection. The Pennsylvania Supreme Court summarized Pennsylvania law as it relates to contract interpretation in *Murphy v. Duquesne University*, 565 Pa. 571, 777 A.2d 418 (Pa. 2001):

> The fundamental rule in interpreting the meaning of a contract is to ascertain and give effect to the intent of the contracting parties. The intent of the parties to a written agreement is to be regarded as being embodied in the writing itself. The whole instrument must be taken together in arriving at contractual intent. Courts do not assume that a contract's language was chosen carelessly, nor do they assume that the parties were ignorant of the meaning of the language they employed. When a writing is clear and unequivocal, its meaning must be determined by its contents alone. Only where a contract's language is ambiguous

> may extrinsic or parol evidence be considered to determine the intent of the parties. A contract contains an ambiguity if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. This question, however, is not resolved in a vacuum. Instead, contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts. In the absence of an ambiguity, the plain meaning of the agreement will be enforced. The meaning of an unambiguous written instrument presents a question of law for resolution by the court.

*Great Am. Ins. Co. v. Norwin Sch. Dist.*, 544 F.3d 229, 243 (3d Cir. 2008), citing Murphy at 429-30 (internal quotation marks and citations omitted).

Third, although not stated in the opinion, the *Periodic Graphics* forum selection clause was apparently drafted by *Periodic Graphics*. To the extent that the *Periodic Graphics'* forum selection clause was seen to be ambiguous, the clause is to be construed against the drafter and where the language of the contract is clear and unambiguous, a court is required to give effect to that language was applied. *Pellegrino Food Prods. Co. v. Am. Auto. Ins. Co.*, 655 F. Supp. 2d 569, 576 (W.D. Pa. 2008).

In the present case, there are no cases where the exact language found in the State Farm policy has been interpreted. The contractual provision however is far more akin to that found in *Foster* than to that found in *Periodic Graphics*. The State Farm contractual provision, similar to the one in *Foster*, provides that the insured (the Crakers) **shall** file a lawsuit in a **state or federal court** that has jurisdiction, thereby State Farm has agreed to "go to and stay in" the forum chosen by the Crakers and has waived its right of removal. *Foster*, 933 F.2d at 1216-17. If State Farm had intended to retain its right to removal, it would have included such as specific clause in the provisions following the forum selection clause as it did with both its right to jury trial and its right to contest the issues of liability and the amount of damages. (See "Exhibit A" at pg. 24 at 1.b.(2)-(3)). Finally, the forum selection clause does vest the Crakers with the right to choose

and is not one of mere geographic convenience based upon a specific county or geographic region. Thus, *Periodic Graphics* is inapposite and this Court should follow *Foster* which dictates remand.

State Farm further relies upon *Little League Baseball. Inc. v. Welsh Pub. Group, Inc.*, 874 F.Supp. 648 (M.D.Pa. 1995). The provision in *Little League Baseball,* states:

> This Agreement shall be construed in accordance with the laws of the State of Pennsylvania [sic] in the Court of Common Pleas of Lycoming County. All parties hereto consent to jurisdiction and venue in the State of Pennsylvania [sic].

*Little League Baseball,* 874 F.Supp. at 655. The above contractual provision was included within a "Production Agreement", not an insurance agreement like the one in this case. Moreover, the Court determined that the language is only a mere statement of which laws apply, not a forum waiver, and that jurisdiction and venue must be in Pennsylvania. Thus, the contractual language in that case only limited the forum to Pennsylvania not to the state or federal forum that has jurisdiction as chosen by the plaintiff. Unlike in the present case, the contract language in *Little League Baseball* did not grant the plaintiff the sole right to choose between state or federal jurisdiction that has competent jurisdiction when filing suit.

The contractual provision in the State Farm insurance policy in question, like that in *Foster*, is an insurance agreement which provided for the insured, the Crakers, to be the party that **shall** determine whether the lawsuit was to be filed in a state court **or** federal court that has jurisdiction. To give full force and effect to the contract's language, general principles of contract interpretation dictate that the contractual provision be interpreted as a waiver of State Farm's right to removal. When State Farm agreed that the Crakers shall file the lawsuit in a state or federal court that has jurisdiction, it meant that the defendant had "agreed to go to, *and to stay*

*in*" the forum chosen by the plaintiff. *Foster*, 933 F.2d at 1216-17. Thus, State Farm waived their right to removal and this case must be remanded to state court.

WHEREFORE, the Plaintiffs, Clinton and Dana Craker, respectfully request this Honorable Court grant their Motion to Remand.

Respectfully submitted,

EDGAR SNYDER & ASSOCIATES, LLC

By_____
Cynthia M. Danel, Esquire (#34527)
Attorney for Plaintiffs
Edgar Snyder & Associates
600 Grant Street, 10th Floor
Pittsburgh, PA 15219
(412) 394-1000
cdanel@edgarsnyder.com

# 1218979

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Reply Brief to State Farm's Opposition to Plaintiffs' Motion to Remand was served on all Counsel listed below, by electronic filing on this 12th day of April, 2011:

>Daniel L. Rivetti, Esquire
>Mark A. Martini, Esquire
>Robb Leonard Mulvihill
>BNY Mellon Center, 23rd Floor
>Pittsburgh, PA  15219
>
>Kathleen A. Segmiller, Esquire
>Segmiller & Mendicino
>3700 South Water Street, Suite 1
>Pittsburgh, PA  15203

>_____
>Cynthia M. Danel, Esquire
>Attorney for Plaintiffs

#1218979