IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINTON E. CRAKER and DANA M. CRAKER,<br>        Plaintiffs,<br><br>        v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>        Defendant. | Civil Action No. 11-0225 |

MEMORANDUM

Gary L. Lancaster                                May 2, 2011
Chief Judge

      This is an insurance coverage action. Plaintiffs, Clinton and Dana Craker, allege that defendant, State Farm Mutual Automobile Insurance Company, has failed to pay each of them $200,000 pursuant to the underinsured motorist (UIM) provisions of their automobile insurance policy. The Crakers also contend that State Farm has engaged in bad faith in the handling of their claims, in violation of 42 Pa.C.S.A. § 8371. Pursuant to their bad faith claim, the Crakers seek compensatory and punitive damages, as well as recovery of costs and attorneys' fees.

      This case was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania. State Farm timely removed the action and filed a motion to dismiss the bad faith claim alleging a failure to plead sufficient facts. [doc. no. 5]. State Farm also sought to strike

portions of the Crakers' breach of contract claims on the ground that they are impertinent, immaterial, and not legally cognizable. Id. Thereafter, the Crakers filed a motion to remand this case to the Court of Common Pleas where it was originally filed. [doc. no. 10].

For the following reasons, we deny the motion to dismiss. We strike the prayer for attorneys' fees from the breach of contract counts, but deny the motion to strike in all other respects. We deny the motion to remand.

I.   FACTUAL BACKGROUND

On January 29, 2007, Mr. Craker was driving a vehicle, in which Mrs. Craker was a passenger, that was struck head on by a vehicle driven by Michelle Paylo. The Crakers' vehicle was insured by State Farm. Paylo's vehicle was insured by Allstate Insurance Company. As a result of the accident, the Crakers suffered physical injuries that have required surgery and have resulted in the loss of employment.

Allstate tendered the applicable limits of Paylo's insurance policy to the Crakers, resulting in a total payment to them of $200,000. Because the Crakers did not consider $200,000 to fully compensate them for their injuries, they submitted a demand to State Farm for UIM

benefits under their insurance policy. The Crakers seek an additional total payment from State Farm of $400,000. Although the Crakers have had "numerous communications" with State Farm regarding payment of their UIM benefits, State Farm has refused to tender a payment of $400,000 to them.

Nearly four years after notifying State Farm that they intended to seek recovery under their UIM coverage, the Crakers filed suit against State Farm in state court. The Crakers each allege an individual breach of contract claim in Counts I and II of the complaint. In Count III they claim that State Farm engaged in bad faith insurance practices in violation of Pennsylvania statute.

II.  DISCUSSION

   A. Motion to Remand

The Crakers have moved to remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania on the ground that the following language in the insurance policy constitutes a waiver of State Farm's right to remove:

> If there is no agreement [regarding the ability to recover from and the amount of compensatory damages recoverable from the underinsured motorist], then the insured shall:

> (1) File a lawsuit, in a state or federal court that has jurisdiction, against:
>    (a) Us;
>    (b) The owner and driver of the underinsured motor vehicle…; and
>    (c) Any other party or parties who may be legally liable for the insured's damages...

According to the Crakers, this is a forum selection clause that gives them the sole authority to decide what court will resolve any dispute under the UIM provisions of the policy and waives State Farm's right to remove based upon diversity jurisdiction. We disagree.

      The legal principles controlling this question are clear. As an initial matter, federal law governs. Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995)(holding that the effect to be given a contractual forum selection clause is a procedural matter that is determined by federal not state law). Twenty years ago, the Court of Appeals for the Third Circuit confirmed that contractual waivers of a defendant's right to remove are valid and enforceable if reasonable. Foster v. Chesapeake Insur. Co., Ltd., 933 F.2d 1207, 1217-19 & n.15 (3d Cir. 1991). The court of appeals rejected any suggestion that such waivers must be "clear and unequivocal." Id. at 1217

n.15. The court of appeals directed lower courts to "simply…determine contractual waiver of the right to remove using the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions." Id. Foster remains the controlling law.

In Foster the Court of Appeals for the Third Circuit deemed the following language to constitute a waiver of the defendant's right to remove:

> In the event [defendant] is not domiciled in the United States of America, and [defendant] fails to pay any amount claimed to be due hereunder, the [defendant], at the request of the [plaintiff], will submit to the jurisdiction of any court of competent jurisdiction within the United States, and will comply with all requirements necessary to give such court jurisdiction; and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

Id. at 1216. The court of appeals agreed with the district court's determination that "by consenting to 'submit' to 'any court' of competent jurisdiction 'at the request of the [plaintiff]' and to comply with all requirements necessary to give 'such court' jurisdiction, [defendant] agreed to go to, and stay in, the forum chosen by the [plaintiff]." Id. at 1216-17 (emphasis in original). The

appellate court found its conclusion to be bolstered by the fact that defendant had agreed to comply with the "practice of such court" and had agreed elsewhere in the contract to "abide by the final decision of such court." Id. at 1217. Therefore, the court of appeals held that defendant had contractually waived its right to remove and affirmed the district court's decision to remand the case to state court, where plaintiff had originally filed.

More recent decisions from the Court of Appeals for the Third Circuit addressing waiver of the right to remove through enforcement of a forum selection clause have done so within the context of federal statutes that favor removal of actions, making them largely inapplicable to the matter before us. See, Suter v. Munich Reinsurance Co., 223 F.3d 150 (3d Cir. 2000) (Convention on the Recognition and Enforcement of Foreign Arbitral Awards); In re: Texas Eastern Transmission Corp., 15 F.3d 1230 (3d Cir. 1994) (Foreign Sovereign Immunities Act).

We can discern no pattern from our review of district court decisions interpreting and enforcing such clauses. Compare, Periodical Graphics, Inc. v. Spitz, 1994 WL 502506 (E.D. Pa. Sep. 14, 1994) (language in employment contract agreeing that "an action may be commenced…in any federal or state court of competent jurisdiction sitting in

6

Philadelphia or Montgomery County, Pennsylvania" and further waiving "any objection…to such jurisdiction" did not waive right to remove) and <u>Little League Baseball, Inc. v. Welsh Pub. Group, Inc.</u>, 874 F.Supp. 648 (M.D. Pa. 1995) (language in production agreement that "[a]ll parties hereto consent to jurisdiction and venue in the [Commonwealth] of Pennsylvania" did not waive right to remove), to <u>Conn. Bank of Commerce v. Republic of Congo</u>, 440 F.Supp.2d 346 (D. Del. 2006) (language requiring the parties "to submit to the jurisdiction of any court of competent jurisdiction within the United States" waived right to remove) and <u>Gust v. USFalcon, Inc.</u>, 2009 WL 3234697 (D.N.J. Sep. 28, 2009) (language in employment contract that "[t]he [p]arties…[would] submit to jurisdiction of a court of competent jurisdiction available to the parties" waived right to remove).[1]

As such, we must turn to the language in the State Farm policy and use the "benchmarks of construction" that we apply to "all preliminary contractual questions" to determine whether State Farm has waived its right to

---

[1] The Crakers' attempts to distinguish this court's decision in <u>Munich Welding, Inc. v. Great American Insur., Co.</u>, 415 F.Supp.2d 571 (W.D. Pa. 2006), where we found no waiver of the right to remove, are unavailing. The language in <u>Munich</u> (claimant shall only commence a lawsuit in a court of competent jurisdiction) is virtually identical to the language in the State Farm policy (insured shall file a lawsuit in a state or federal court that has jurisdiction).

7

remove. As an initial matter, we view the policy language as governing the type of dispute resolution available to the Crakers, rather than the location thereof. In other words, if State Farm refuses to pay UIM benefits the language requires the Crakers to file a lawsuit, and prevents them from seeking mediation or arbitration, or following some informal dispute resolution process. The concern of the clause is not with *where* a lawsuit will be filed, but with the fact that *a lawsuit* must be filed. As such, the clause could not reasonably be interpreted to waive State Farm's right to remove an action filed by the Crakers in state court.

Regardless, even were we to consider this language to be a forum selection clause, we would still find that State Farm has not waived its right to remove. State Farm does not agree in the policy to "submit" to the jurisdiction of any court. See Foster. Although the policy directs the Crakers to file a lawsuit "in a state or federal court that has jurisdiction," the policy does not go on to indicate that State Farm forfeits its right to object to the jurisdiction of the court selected by the Crakers. Because State Farm does not submit to the jurisdiction of the court selected by the Crakers, and because State Farm retains its right to challenge the

8

jurisdiction of the court selected by the Crakers, we conclude that the policy language cannot be reasonably interpreted to constitute a waiver of State Farm's right to remove.

Because State Farm has not waived its right to remove, and because State Farm's Notice of Removal was otherwise proper, we deny the Crakers' motion to remand.

B. <u>Motion to Dismiss Count III</u>

State Farm, after removing this action, filed a motion to dismiss the Crakers' bad faith claim for failure to plead sufficient facts. State Farm did not move to dismiss the Crakers' breach of contract claims. Those claims will proceed to discovery. Because we find that the Crakers have met their pleading obligations under the Federal Rules of Civil Procedure, we deny State Farm's motion.

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to a heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on

9

which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The United States Supreme Court's decisions in Twombly and Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) do not overrule or supersede this Rule.

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950.

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts

alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should be denied. Id. at 563 n.8.

It is on these standards that we consider State Farm's motion to dismiss the Crakers' claim for bad faith denial of insurance coverage. In their complaint, the Crakers allege: that they have suffered physical injuries resulting in the loss of employment and requiring surgery; that Palko has paid them only $200,000, which does not fully compensate them for their losses; that they have provided State Farm with documentation regarding their injuries and losses; that they notified State Farm in 2007 that they would seek payment pursuant to their UIM coverage; that they filed a written demand for such coverage in 2008; that the payment of any amount less than $400,000 is unreasonable given the seriousness of the injuries and losses they have suffered; and that as of 2011 State Farm has refused to pay them $400,000 under the policy.

We presume that State Farm will have an explanation as to why it has not paid the Crakers $400,000, and will contend that its denial of coverage was made in good faith. The Crakers will undoubtedly take the position that State Farm's explanation is invalid, unsupported, and a pretext for State Farm's bad faith. However, these arguments are for another day. With State Farm in exclusive possession of the information regarding its claims decision the Crakers cannot, and need not, plead any further facts in order to proceed to discovery. State Farm has fair notice of the claim and the grounds upon which it rests. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The Crakers' complaint contains sufficient facts that, if accepted as true, allow us to draw the reasonable inference that the Crakers have a plausible bad faith claim. Iqbal, 129 S.Ct. at 1949. As such, we will deny State Farm's motion to dismiss Count III.

C. <u>Motions to Strike</u>

State Farm has also moved to strike the prayer for attorneys' fees and certain substantive allegations made by the Crakers in their breach of contract counts. We grant State Farm's motion to strike the Crakers' request for attorneys' fees but deny the remainder of State Farm's motion to strike.

Federal Rule of Civil Procedure 12(f) permits a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." <u>McInerney v. Moyer Lumber and Hardware, Inc.</u>, 244 F.Supp.2d 393, 402 (E.D. Pa. 2002) (citation omitted). Motions to strike under Rule 12(f) are committed to the discretion of the district court, but will usually be denied unless the allegations have no possible relation to the controversy, will cause prejudice, or will confuse the issues in the case. <u>Adams v. County of Erie, Pa.</u>, 2009 WL 4016636, at *1 (W.D. Pa. Nov. 19, 2009) (McLaughlin, J.) (citations omitted).

1. <u>Motion to Strike Prayer for Attorneys' Fees</u>

State Farm has moved to strike that portion of Count I and Count II, the breach of contract claims, requesting an award of attorneys' fees, on the ground that such relief is not legally cognizable in Pennsylvania. The Crakers agree that they cannot obtain attorneys' fees in a breach of contract action. [doc. no. 16 at p. 10]. The Crakers may, however, seek attorneys' fees in conjunction with a bad faith claim, and they have done so in this case. Comp. p. 17. As such, it is proper to strike the demand for attorneys' fees in Counts I and II.

2. <u>Motion to Strike Allegations in Counts I and II</u>

State Farm has moved to strike paragraphs 50 to 54 from Count I and paragraphs 63 to 67 from Count II on the ground that they contain "allegations that are immaterial and impertinent to [the Crakers'] breach of contract claims." [doc. no. 6 at p. 7]. These paragraphs accuse State Farm of breaching its statutory and contractual obligations to reasonably, objectively, fairly, and properly investigate, evaluate, negotiate, and settle the Crakers' UIM claims. According to State Farm because its claims handling procedures are immaterial to a breach

of contract claim, these allegations should be removed from Counts I and II.

First, no practical purpose is served by striking these allegations. Each allegation to which State Farm objects in Counts I and II is also made separately in Count III. State Farm concedes that the allegations are relevant to Count III. We have denied State Farm's motion to dismiss Count III. As such, the parties will investigate the substance of these allegations in discovery and striking them from Counts I and II will not streamline this litigation or avoid an investigation into unnecessary matters. Therefore, it would be improper to strike these allegations from Counts I and II.

Second, the allegations to which State Farm objects could be relevant to the Crakers' breach of contract claims. How and why State Farm arrived at its decision to deny the Crakers' UIM claims goes to the heart of determining whether State Farm breached its contractual obligation to "…pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle." As such, these allegations cannot be said to have no possible relation to Counts I and II. Therefore, it would be improper to strike these allegations from Counts I and II.

III. CONCLUSION

For the foregoing reasons, we deny the motion to remand and the motion to dismiss. We grant the motion to strike to the extent it requests that the prayer for attorneys' fees be stricken from Counts I and II, and deny that motion in all other respects.

An appropriate order will be entered contemporaneously with the filing of this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINTON E. CRAKER and DANA M. CRAKER,<br>    Plaintiffs,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 11-0225<br>)<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 2nd day of May, 2011, it is HEREBY ORDERED that Clinton and Dana Craker's motion to remand [doc. no. 10] is DENIED.

It is FURTHER ORDERED that State Farm's motion to dismiss Count III [doc. no. 5] is DENIED, and that State Farm's motion to strike [doc. no. 5] is GRANTED as to the prayer for attorneys' fees in Counts I and II and DENIED in all other respects.

BY THE COURT,

_____ C.J.

cc: All Counsel of Record