IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLINTON E. CRAKER and DANA M. CRAKER, | ) ) | |
| **Plaintiffs** | ) ) | |
| | ) | **2:11-cv-00225-GLL** |
| v. | ) ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| **Defendant.** | ) | |

<u>PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
THE ENTIRE CLAIMS FILE AND MORE SPECIFIC RESPONSES</u>

AND NOW, come the Plaintiffs, CLINTON CRAKER and DANA CRACKER, by and through their attorneys, EDGAR SNYDER & ASSOCIATES, LLC and CYNTHIA M. DANEL, ESQUIRE, and file and serve the within Motion to Compel Production of the Entire Claims File and More Specific Responses, respectfully averring as follows:

1.      Plaintiffs filed the instant lawsuit in the Court of Common Pleas of Allegheny County against the Defendant, State Farm, on January 14, 2011. Defendant State Farm subsequently filed a Notice of Removal in this Court dated February 18, 2011 to remove this case from the Court of Common Pleas of Allegheny County to this Honorable Court based upon diversity of citizenship. The Honorable Gary L. Lancaster entered a Case Management/Scheduling Order on April 29, 2011 requiring the completion of discovery by August 25, 2011.

2.      On May 12, 2011 Plaintiffs requested completion of interrogatories and requests for production of documents from Defendant State Farm. On July 11, 2011, State Farm then produced a large box of material to Plaintiff's in response to Plaintiffs' requests. However,

#1270321

after review by Plaintiffs, it was determined that crucial portions of the requests were redacted and that answers to interrogatories and requests were answered incompletely on the following bases: (1) that the claim is ongoing and the request is premature, (2) attorney-client privilege and/or work product doctrine, (3) that it seeks confidential business information, and (4) that it is irrelevant.  In fact, 26 of 35 consecutive pages of the claims log contain significant redactions of information relevant to Plaintiffs' claim. Furthermore, no privilege log was provided by Defendant State Farm indicating the rationale for the specific redactions or withholding of specific documents.

3.     Defendant's responses to Plaintiffs' Requests for Production, excerpted below, indicate the extent of the documents withheld and redacted and the various reasons cited for the same but not explained with an accompanying privilege log.   See attached as Exhibit A Defendant's Responses to Plaintiffs' Requests for Production of Documents.

> *1.     All files and reports of investigations, excluding conclusions or opinions representing the value and merit of the claim or defense, strategy or tactics or involving privileged communications from counsel concerning this suit and claims and defenses.*
>
> State Farm objects to Request No. 1 on the grounds that it is overly broad and seeks information that are neither relevant nor likely to lead to the discovery of admissible evidence. State Farm further objects to Request No. 1 on the grounds that it seeks documents and information protected by the attorney-client privilege and/or work product doctrine. This Request is premature as Plaintiffs UIM claims are presently on-going. Subject to and without waiving the foregoing objections, State Farm is producing relevant, non-privileged documents from its claim file responsive to this request.
>
> *7.     All claims manuals, policy manuals, policy statements, or other documents regarding the processing or handling of claims for uninsured/underinsured motorist benefits written or in effect since 2003 including but not limited to any changes or alterations to those manuals.*

State Farm objects to Request No. 7 on the grounds that it seeks
documents and information that are neither relevant nor likely to lead to
the discovery of admissible evidence. State Farm further objects to this
request to the extent that it seeks proprietary business information and/or
trade secrets belonging to State Farm which it deems confidential. Subject
to and without waiving the foregoing objections, State Farm responds as
follows: State Farm is producing relevant, non-confidential documents
from its Auto Claim Manual in effect from the date of Plaintiffs' accident
to the present. Upon entry of an appropriate Protective Order, State Farm
will produce additional relevant claim manual documents that it deems to
be confidential.

8.      *All manuals, educational materials and written instructions used
for the training of defendant's agents, adjusters, and other personnel who
were involved in the processing of the Plaintiffs' policy and claims.*

State Farm objects to Request No. 8 on the grounds that it seeks
documents and information that are neither relevant nor likely to lead to
the discovery of admissible evidence. State Farm further objects to this
request to the extent that it seeks proprietary business information and/or
trade secrets belonging to State Farm which it deems confidential. Subject
to and without waiving the foregoing objections, State Farm responds as
follows: State Farm is producing relevant, non-confidential documents
from its Auto Claim Manual in effect from the date of Plaintiffs' accident
to the present. Upon entry of an appropriate Protective Order, State Farm
will produce additional relevant claim manual documents that it deems to
be confidential.

12.     *The entire files in respect of the claim for first party medical
benefits, wage benefits, and the claim for underinsured motorist benefits
made by the Plaintiffs in respect of the motor vehicle collision described in
Plaintiffs' Complaint, which files should include, in addition to all
"paper" materials, each and every computer entry or email
communication or note made in respect of either claim.*

State Farm objects to Request No. 12 on the grounds that it is overly broad
and seeks documents and information that are neither relevant nor likely to
lead to the discovery of admissible evidence. State Farm further objects to
Request No. 12 on the grounds that it seeks documents and information
protected by the attorney-client privilege and/or work product doctrine.
This Request is premature as Plaintiffs UIM claims are presently on-
going.    Therefore, subject to and without waiving the foregoing
objections, State Farm is producing relevant, non-privileged documents
from its claim file responsive to this request.

4.      Defendant's responses to Plaintiffs' Interrogatories, particularly the one excerpted below, indicates the extent of the documents withheld and redacted and the various reasons cited for the same but not explained with an accompanying privilege log.  See attached as Exhibit B Defendant's Answers to Plaintiffs' Interrogatories.

> 15.      *Please provide a description of how Plaintiffs' UIM Claims were evaluated, processed, and valued in detail.*
>
> State Farm objects to Interrogatory No. 15 on the grounds that it is overly broad and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. State Farm further objects to this Interrogatory on the grounds that it is premature as the Plaintiffs' UIM claim is on-going. Specifically, this Interrogatory seeks mental impressions which, at this juncture, are protected by the attorney-client privilege and/or work product doctrine. In addition, State Farm further objects to this Request to the extent that it seeks proprietary business information belonging to State Farm which it deems to be confidential. Subject to and without waving the foregoing objection, State Farm responds as follows: Pursuant to Rule 33(d), State Farm is producing relevant, non-privileged, non-confidential portions of its Auto Claim Manual from which the requested information may be ascertained.

5.      The redacted portions of the State Farm claims file concern evaluation of the value of the case and reserves set by State Farm. Said information is extremely relevant to Plaintiffs' bad faith allegations regarding State Farm's failure to properly evaluate the value of the case in derogation of their fiduciary duties and duties of good faith and fair dealing.

6.      Plaintiffs cannot complete other relevant discovery including the depositions of Claim Team Manager Theresa Wilson supervising the initial adjustor Mary Bechman, as well as Claim Team Manager Rick Wetzel supervising current adjustor Robert Wetzel. Plaintiffs were only on notice of the relevant persons to be deposed described above as of the receipt of the responses to Plaintiffs' interrogatories. Plaintiffs also need to conduct these depositions to

determine if the supervisors of those individuals described above, Section Manager Craig Simoens and Cyndi Bowman, need to be deposed. Therefore, the failure of State Farm to provide sufficient answers had a cascade effect halting Plaintiff's discovery.

***The Requests are Not Premature***

7.     Notably, State Farm did not request bifurcation or stay of discovery in this matter to temper the discovery sought by Plaintiffs. Despite not requesting a stay of discovery, State Farm has argued in their answers and responses that they are not required to relinquish the entire claims file to Plaintiffs because the claim is still ongoing and the request is premature, indicating that relevant documentation has been withheld.  State Farm cannot be allowed to let the bad faith and other claims remain together and not stay discovery and then deny Plaintiffs' discovery because it is premature when the Plaintiffs are burdened to comply with the deadlines of a case management order governing all claims. Without such a motion to sever the claims or stay the discovery, this argument remains as only an attempt to wrongfully protect information which the Plaintiffs are entitled to discover based upon the bad faith count in their complaint.

8.     The cases cited throughout this brief further indicate that discovery on the bad faith claim is not premature when the case has not been bifurcated. *Consugar v. Nationwide Ins. Co. of Am.*, 2011 U.S. Dist. LEXIS 61756 at 19-21 (E.D. Pa. 2006); *George v. Wausau Ins. Co.*, 2000 U.S. Dist. LEXIS 16813 (E.D. 2000); see also *Gunn v. Auto Ins. Co.*, 971 A.2d 505 (Pa. Super. Ct. 2009). Therefore, the objections based upon the premature nature of the discovery are not sufficiently grounded in the law to prevent discovery of the information requested by the Plaintiffs.

***Attorney-client and Work Product Privileges Have Minimal Application at Best***

9.      With regard to the production of the claims file and any attorney-client or work product privilege, State Farm has failed to provide a privilege log indicating the rationale for the application of any privilege. Therefore, Plaintiffs opine that the Defendant has failed to meet their burden in asserting the privilege and that this Honorable Court should order the production of a privilege log, an unredacted version of the claims file, and any withheld documents.

10.     Pennsylvania law governs the application of attorney client privilege and the party asserting the privilege has the burden of proving that the privilege applies. *George v. Wausau Ins. Co.*, 2000 U.S. Dist. LEXIS 16813 at *4-5 (E.D. 2000).

> To properly invoke the attorney-client privilege, the party resisting discovery must demonstrate: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is a member of the bar of a court, or his or her subordinate, and is acting as a lawyer in connection with the communication; (3) the communication relates to a fact of which the attorney was informed by the client without the presence of strangers for the purpose of securing primarily either an opinion of law, legal services, or assistance in some legal proceeding, and not for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client.

*Id.* (*citing Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.*, 32 F.3d 851, 862 (3d Cir. 1994). Furthermore, the Courts have consistently held Defendant may raise the advice of counsel defense to a bad faith claim which abrogates a claim of attorney-client privilege, as those usually protected communications become relevant to that assessment of the case. *Id.* at 7-8.

11.     In *George*, the Plaintiff sought discovery of a UIM claims file and additional materials. Similar to the present case, Plaintiff was presented with only some of the requested documents with significant redactions. Plaintiff then filed a motion to compel which the Court deferred following an in camera review and the presentation of a privilege log explaining the redactions. Ultimately, the court determined that only some of the redactions were necessary

after an in-camera review and inspection of a privilege log. However, unlike in *George*, the Defendant has not formally raised affirmative defenses in this case, although their responses to requests and to interrogatories indicate intent to rely on such a defense. Therefore, the Plaintiffs assert that the Defendant has waived their privilege in attempting to assert this defense.

12. As in the *George* case, the unredacted and complete claim file in question is essential to the preparation of the Plaintiffs' case and the Plaintiffs are unable to obtain the substantial equivalent of these materials by other means. Plaintiffs at least need a privilege log to assess the validity of the privilege assertion using the framework described above.

13. Furthermore, the Defendant asserts work product privilege, which is governed by Federal Law in a diversity case. The *Consugar* court has addressed this issue and found that the work product doctrine may apply, but not as a blanket protection from disclosure. *Consugar*, 2011 U.S. Dist. LEXIS at *8-10. Furthermore, the Defendant must explain all redactions and withholdings based on the same in a privilege log and submit them for an in-camera review if necessary. *Id*.

14. In sum, Plaintiffs cannot conduct a meaningful review of the documents without a privilege log and the Court cannot conduct an in-camera review without the same. The attorney-client privilege does not apply in the present case based upon the failure of the Defendant to assert formal affirmative defenses and their subsequent indication in discovery responses of asserting the same in their defense. Even if attorney-client privilege does apply, the Defendants must provide a privilege log indicating reasoning for the redactions or withholdings and submit the documents for an in-camera review if they continue to assert a disputed privilege. Finally, work-product privilege may apply to protect disclosure of some information but the

same is needed with regard to a privilege log and in-camera review for the Defendant to meet their burden of asserting these privileges.

***Plaintiffs' Are Entitled to Reserve Information***

15.     Plaintiffs also contend that certain redacted portions of the claims file contain reserve information. This information was specifically held relevant and subject to disclosure in *Consugar v. Nationwide Ins. Co. of Am.*, 2011 U.S. Dist. LEXIS 61756 at 19-21 (E.D. Pa. 2006). In *Consugar*, the court held that the Plaintiff was entitled to reserve information to evaluate their bad faith claim. *Id.* Defendant may still assert privilege in these privilege logs over the documents containing this information, but Plaintiffs are still entitled to this information regarding the rationale behind the asserted privilege and those documents pending a potential in-camera review.

***The Confidential Business Information Must Be Produced***

16.     Finally, Defendant also withheld and redacted information on the basis that it was confidential business information and that they would provide such information only under a protective order. However, Defendant never sought such a protective order and Plaintiffs' request that this Honorable Court compel them to seek the same in order to facilitate the discovery of documents indicated as otherwise relevant by the Defendant's themselves to Plaintiffs' bad faith claims. The documents withheld included claims handling materials and training manuals that were found relevant and discoverable in *Consugar v. Nationwide Ins. Co. of Am.*, 2011 U.S. Dist. LEXIS 61756 at 19-21 (E.D. Pa. 2006).

WHEREFORE, relevant depositions are to be scheduled in this matter, and information contained in the redacted portions of the claims file is needed to allow counsel for Plaintiffs to prepare for said depositions and to gather information regarding State Farm's evaluation of the

claim and reserves set by State Farm relevant to Plaintiffs' bad faith claim, Plaintiffs request that this Honorable Court ORDER Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY to provide the information requested in Plaintiffs' Interrogatory Number 15, fully answer requests 1, 7, 8, and 12 and to produce a privilege log and a complete copy of the claims file. If Defendant is truly concerned about revealing legitimately protected information, they can request an in-camera review by this court to determine the application of any privilege.

Respectfully submitted,

EDGAR SNYDER & ASSOCIATES, LLC

By_____

Cynthia M. Danel, Esquire (#34527)
Attorney for Plaintiffs
Edgar Snyder & Associates
600 Grant Street, 10th Floor
Pittsburgh, PA 15219
(412) 394-1000
cdanel@edgarsnyder.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of August, 2011, a true and correct copy of the within

Motion to Compel Production of the Entire Claims File and More Specific Responses was served

by first class mail, postage prepaid, on the following:

Daniel L. Rivetti, Esquire
Mark A. Martini, Esquire
ROBB LEONARD MULVIHILL
One Mellon Center
500 Grant Street, 23rd Floor
Pittsburgh, PA  15219

Kathleen A. Segmiller, Esquire
Segmiller & Mendicino
3700 South Water Street, Suite 1
Pittsburgh, PA  15203

EDGAR SNYDER & ASSOCIATES, LLC

Cynthia M. Danel, Esquire

#1270321