IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

CLINTON E. CRAKER and DANA M. )
CRAKER, )
              **Plaintiffs** )
                    )     **2:11-cv-00225-GLL**
   **v.** )
                    )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
                    )
           **Defendant.** )

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER AND STAY PLAINITFFS' BAD FAITH CLAIMS

AND NOW, come the Plaintiffs, CLINTON CRAKER and DANA CRACKER, by and through their attorneys, EDGAR SNYDER & ASSOCIATES, LLC and CYNTHIA M. DANEL, ESQUIRE, and file and serve the within Plaintiffs' Brief in Support of Plaintiffs' Response to Defendant's Motion to Sever and Stay Plaintiffs' Bad Faith Claims, respectfully averring as follows:

### I.    INTRODUCTION

Plaintiffs filed the instant lawsuit in the Court of Common Pleas of Allegheny County against the Defendant, State Farm, on January 14, 2011. Defendant State Farm subsequently filed a Notice of Removal in this Court dated February 18, 2011 to remove this case from the Court of Common Pleas of Allegheny County to this Honorable Court based upon diversity of citizenship. Plaintiffs subsequently sought discovery related to both their Breach of Contract and Bad Faith claims shortly thereafter. In response, Defendant State Farm provided a large box of roughly four thousand sheets paper, containing a one hundred five page "Activity Log" that was heavily redacted.

#1276757

Plaintiff filed a Motion to Compel on the basis that many of the redacted documents were relevant to both the Plaintiffs' Breach of Contract claims and Bad Faith claims. Defendant then filed a response to same and then filed a Motion to Sever and Stay Plaintiffs' Bad Faith Claim with an accompanying brief. The Honorable Gary L. Lancaster then entered an Order on September 6, 2011 that any response and brief to Defendant's Motion to Sever and Stay Bad Faith Claim be filed on or before September 21, 2011. Plaintiffs now file the within brief and response in compliance with said Order and contend that all documents requested in discovery are relevant to both the Plaintiffs' Breach of Contract and Bad Faith claims and that State Farm has failed to demonstrate prejudice against it or to demonstrate any permissible reason for severing and or staying Plaintiffs' Bad Faith claims. Therefore, Plaintiffs respectfully request that this Honorable Court issue an order denying Defendant's Motion to Sever and Stay Bad Faith Claim.

## II.    ARGUMENT

**Standard of Review**

Defendant is correct that this Honorable Court has discretion to bifurcate claims and issues "[f]or convenience, to avoid prejudice, or to expedite and economize." *Yellowbird Bus Co. v. Lexington Ins. Co.*, 2010 U.S. Dist. LEXIS 69554 at *21-22 (E.D.Pa. 2010) (*citing* Fed. R. Civ. P. 42(b)). However, Defendant, State Farm, ignores the fact that it, as the moving party, bears the burden of demonstrating that a severance and/or stay would "serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *Id.* at *21-22 (*citing Astenjohnson v. Columbia Cas. Co.*, 2006 U.S. Dist. LEXIS 42606 (E.D.Pa. 2006)).

**A.**   **Plaintiffs' Breach of Contract and Bad Faith claims should be tried together in the interests of judicial economy, convenience, and avoidance of prejudice to any of the parties as the facts and evidence for both claims substantially overlap**

Defendant's contentions in favor of severance are not grounded in relevant and analogous case law. The Defendant has conveniently ignored the Middle District of Pennsylvania Court decision in *Consugar* which is directly on point both factually and legally to the present case. *Consugar v. Nationwide Ins. Co. of Am.*, 2011 U.S. Dist. LEXIS 61756 at *18-21 (M.D. Pa. 2011). In *Consugar*, the Plaintiff suffered severe injuries and the liable driver's insurer tendered the policy limits of coverage of $25,000. *Id.* at *1-3. Consugar then sought additional coverage in the amount of $300,000 in underinsured motorist coverage from her own insurer, Nationwide. *Id.* at *2. Despite providing the insurer with medical records and other documentation, Consugar's insurer did not settle the claim and Consugar was forced to bring an action including claims for Breach of Contract and Bad Faith. *Id.* Nationwide removed the suit to federal court, and then Nationwide responded to Consugar's Discovery requests with heavily redacted documents on the basis that they contained material relevant only to Consugar's Bad Faith claim. *Id.* Consugar asked the Court to intervene regarding the missing and redacted documents by way of a letter to the Court and the Court order briefing of the issue in response to Consugar's letter. Nationwide filed a Memorandum of Law in Opposition to the Motion to Compel in that matter. Nationwide also asked that the Bad Faith claim be severed and discovery of the same stayed on the basis of unfair prejudice to Nationwide. *Id.* at *2-3.

The facts in *Consugar*, as summarized above, are nearly identical to the present matter and Nationwide's course in *Consugar* is precisely the course taken by State Farm in the case at bar. The Crakers have sought underinsured motorist coverage after settling for the policy limits

with the at-fault driver's insurer.  State Farm has also refused to fairly settle the Craker' claims

for underinsured motorists benefits despite the Crakers providing State Farm with medical

records and other documentation sufficient to evaluate the claims.   The Crakers were, like

Consugar, forced to bring suit which State Farm removed to Federal Court over the Crakers'

objections. State Farm then also followed the same tactics in Discovery as Nationwide did in

*Consugar* by omitting documents and providing heavily redacted documents, by opposing a

Motion to Compel, and then by filing a Motion to Sever and Stay the Bad Faith Claims.

Therefore, the *Consugar* case is explicitly relevant to the disposition of the present motion and

precisely on point.

     Of particular interest to the present matter, is the *Consugar* Court's discussion concerning

Nationwide's trial tactics of removing the case to federal court and then attempting to sever and

stay discovery of the Bad Faith claim, using state law.  The *Consugar* opinion succinctly stated:

> The court notes that defendant removed this case from the Court of Common
> Pleas of Schuylkill County, Pennsylvania. (See Doc. 1). Defendant contends that
> Pennsylvania law requires bifurcation of UIM and bad-faith claims, while
> admitting that **there is no such requirement in federal court.** Despite this
> difference in rules, **defendant chose to have the case tried in this court and
> must accept the consequences.**

*Consugar*, 2011 U.S. Dist. LEXIS 61756 at *19 n.1 (Emphasis Supplied). Like Nationwide in

*Consugar*, the Defendant in this case, State Farm, attempts to concoct an argument based upon

Pennsylvania state case law and federal decisions from other states while conspicuously omitting

relevant federal law of the Pennsylvania Federal Courts.  The *Consugar* Court notes that under

Pennsylvania law, claims for Breach of Contract and Bad Faith are separate and distinct. *Id.* at

*20.  Furthermore, federal law requires that the moving party demonstrate prejudice if the case

were not severed and that severance would serve judicial economy. *Id.* at *19-20; *Yellowbird Bus*

*Co. v. Lexington Ins. Co.*, 2010 U.S. Dist. LEXIS 69554 at *21-22 (E.D.Pa. 2010); *Calestini v.*

*Progressive Cas. Ins. Co.,* 2009 U.S. Dist. LEXIS 117138 (M.D. Pa. 2009). The *Consugar* court

went on to find that because the claims for Breach of Contract and Bad Faith are separate and

distinct, the resolution of one claim does not depend on the other as the Defendant's suggest and

the court specifically stated:

> Defendant suggests that if the court determines that claims manuals must be
> turned over, to avoid unfair prejudice the court should bifurcate the case and
> withhold discovery of the manuals until the end of the UIM case. The court
> rejects this approach. The material is relevant to plaintiff's bad faith claim, which
> is part of the case. **There is no reason to bifurcate this trial.**

*Id.* at 17-21 (emphasis added).

The *Consugar* decision is also not the only relevant decision on this issue which

Defendant has ignored. In *Yellowbird*, the Eastern District Court of Pennsylvania examined a

request to sever and stay in conjunction with a motion to dismiss. *Yellowbird Bus Co. v.*

*Lexington Ins. Co.*, 2010 U.S. Dist. LEXIS 69554 at *21-22 (E.D.Pa. 2010). In that case, which

is factually very similar to *Consugar* and the present matter, the plaintiff brought three claims:

Declaratory Judgment, Breach of Contract, and Bad Faith. The Defendant in *Yellowbird*

followed a very similar procedural approach as outlined above. *Id.* at *6-7. The *Yellowbird*

Court, like *Consugar*, ultimately concluded that Breach of Contract and Bad Faith claims

substantially overlap so that severance and/or stay would not serve "any purpose of judicial

efficiency." *Id.* at *21-22.

Therefore, both of the sister courts to the Western District Court of Pennsylvania

affirmed, within the last year, that Bad Faith claims should not be severed from Breach of

Contract claims.   The two recent decisions in *Yellowbird* and *Consugar* do not contain new

revelations in federal case law. In fact, there are several other recent decisions standing for the

same proposition which the Defendant State Farm fails to cite. *Calestini v. Progressive Cas. Ins. Co.,* 2009 U.S. Dist. LEXIS 117138 (M.D. Pa. 2009) (denying a motion to bifurcate and stay discovery and finding no merit in claims by the insurer that bifurcation is appropriate as the extent of the evidence is irrelevant, protection for privileged matter is available even between claims, and the court is capable of protecting evidence related to one matter from effecting another); *Suscavage v. Nationwide Mut. Ins. Co.,* 2008 U.S. Dist. LEXIS 43793 at *2-5 (M.D. Pa. 2008) (denying a motion to trifurcate trial into separate trials on Breach of Contract, Bad Faith, and Punitive Damages claims stating, when referring to its decision not to trifurcate the claims, that "proper instruction to the jury and argument from counsel will allow the jury to comprehend the different causes of action and separate them"); *Frederick & Emily's, Inc. v. Westfield Group,* 2004 U.S. Dist. LEXIS 17274 (E.D.Pa. 2004) (finding that bifurcating and staying discovery on the Bad Faith claim would be the opposite of expeditious resolution of litigation and that delay damages could not compensate the Plaintiff for any delay from a severance and stay).

Therefore, the Pennsylvania Federal Courts have uniformly and consistently found that Breach of Contract and Bad Faith claims involve much of the same facts and evidence, and the federal standard for permitting severance and/or stay of a Bad Faith claim is not met. Severing the claims does not serve the purposes of judicial economy and actually irreparably prejudices Plaintiffs by making them (and the Court) incur additional, unnecessary costs.

State Farm relies and argues using Pennsylvania state law, despite the specific recognition in *Consugar* that Pennsylvania state and federal law differ on the issues of severance and stay. Therefore, even if this Honorable Court were to accept State Farm's argument that

Pennsylvania state law requires severance and stay of the claims involved here, a point which Plaintiffs adamantly deny, relevant Federal law requires that these claims not be severed.

State Farm seems to indicate that it is aware that Pennsylvania state cases are not applicable here, as State Farm goes to great lengths to find federal law from other states to support its claim while ignoring relevant law from this state's federal courts. In an attempt to overstate their findings, they mix state and federal law from other jurisdictions, which have no bearing in this matter, to obfuscate the sufficient Pennsylvania Federal Court law which is on point to this issue. Plaintiffs contend that none of this law is necessary or dispositive in light of the relevant, recent, and numerous Pennsylvania Federal Court decisions in favor of Plaintiffs' position cited above.

Defendant does address two relevant Pennsylvania District Court cases allowing severence, but states that these cases are distinguishable. In *Amite One Condo Assoc. v. Nationwide Prop. & Cas. Ins. Co.,* 2010 U.S. Dist. LEXIS 26867 (M.D. Pa. 2010), the underlying case combined a Declaratory Judgment Action with Breach of Contract and Bad Faith claims. The *Amite* court heard the Declaratory Judgment Action separately, but refused to sever the Breach of Contract and Bad Faith claims. In *Rohm and Haas Co. v. UTICA Mut. Ins. Co.,* 2008 U.S. Dist. LEXIS 48077 (E.D.Pa. 2008), the underlying case was a Duty to Defend claim and a Bad Faith claim. The *Rohm and Haas* case refused to bifurcate these claims on the basis of judicial economy. Even accepting Defendant's position as true, that these cases are distinguishable in some way, they stand for the federal court's general reluctance to bifurcate claims that are based on substantially similar facts. Plaintiffs have cited ample case law from those same Courts above that is factually on point and indistinguishable from the present matter as described above.

**B.**     **The claims for Breach of Contract and Bad Faith are separate and distinct claims, therefore, the resolution of either claim does not depend on the resolution of the other.**

Plaintiffs also believe that the above cited case law addresses the second argument put forth by State Farm. The claims for Breach of Contract and Bad Faith are separate and distinct claims in Pennsylvania, contrary to the contentions of State Farm. *Consugar*, 2010 U.S. Dist. LEXIS 61756 at *20; *Suscavage*, 2008 U.S. Dist. LEXIS 43793 at *4-5. Therefore, the resolution of the Breach of Contract claim with a finding that State Farm owes less than the policy limits would not render the Bad Faith claim moot as State Farm suggests. State Farm further attempts to extrapolate from their claim of mootness that the Crakers should not be permitted to continue discovery on the Bad Faith claim because State Farm alleges that certain material sought to be discovered is only relevant to the Bad Faith claim. However, the Pennsylvania Federal Court decisions indicate otherwise, i.e. the facts and evidence relevant to both Breach of Contract and Bad Faith claims in a UIM context substantially overlap. *Consugar*, 2010 U.S. Dist. LEXIS 61756 at *20-21; *Yellowbird Bus Co.*, 2010 U.S. Dist. LEXIS 69554 at *21-22. Therefore, State Farm cannot prove prejudice sufficient to overcome the federal standard for a severance of the Bad Faith claims and/or a stay of discovery on the same.

State Farm's reliance upon *Brown* is of no significance. *Brown v. Progressive Ins. Co.,* 860 A.2d 493 (Pa. Super. Ct. 2004). Although *Brown* may support State Farm's theory regarding alleged mootness of the Bad Faith claim *in the State Court system*, the Pennsylvania Federal Courts have recognized Breach of Contract and Bad Faith claims as separate and distinct and have found arguments of mootness of one claim based upon the disposition of the others meritless as described at length above. For the same reasons, the citation to *Thorson* is not relevant here. *Thorson v. State Farm Mut. Auto. Ins. Co.,* 1992 U.S. Dist. LEXIS 291 (E.D.Pa.

1992). Even if *Thorson* were relevant, it was refuted four years later in *Doylestown Electric*, when the Eastern District Court found that discovery on the Bad Faith claim was duplicative and overlapping of the other claims in the case. *Doylestown Electric Supply Co. v. Maryland Cas. Ins. Co.*, 942 F.Supp. 1018 (E.D. Pa. 1996) (holding "I conclude that Plaintiff's bad faith claim under § 8371 is not premature in light of the unresolved contract dispute"). It is also noteworthy to mention that both of these cases were decided pre-*Koken* and, therefore, the same considerations relevant here were not relevant in those cases.

State Farm also suggests a parade of horribles will ensue with every future plaintiff filing a Bad Faith claim if this court holds that these claims should not be severed. However, State Farm i gnores, in making this statement, the case law cited herein in support of Plaintiffs' position. In fact, Pennsylvania Federal Courts have uniformly held in favor of not severing the precise claims brought in this matter and any burden on the judicial system or defendant insurers or any other dubious outcome prophesized by State Farm has not been realized.

WHEREFORE, for all of the above stated reasons, and based upon the relevant case law of the Federal Courts of the Commonwealth of Pennsylvania, Plaintiffs respectfully request that this Honorable Court enter an order denying Defendant's Motion to Sever and Stay Bad Faith Claim.

Respectfully submitted,

EDGAR SNYDER & ASSOCIATES, LLC

By _____
Cynthia M. Danel, Esquire (#34527)
Attorney for Plaintiffs
Edgar Snyder & Associates
600 Grant Street, 10th Floor
Pittsburgh, PA 15219
(412) 394-1000