IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLINTON E. CRAKER and DANA M.      )
   CRAKER,                          )
                 Plaintiffs,        )
                                    )
         v.                         )    Civil Action No. 11-0225
                                    )
STATE FARM MUTUAL AUTOMOBILE        )
   INSURANCE COMPANY,               )
              Defendant.            )

MEMORANDUM

Gary L. Lancaster,                              September 29, 2011
Chief Judge

          This is an insurance coverage action involving a
dispute over payment of underinsured motorist benefits.  The
parties are currently engaged in fact discovery, which must be
completed by December 1, 2011.  Before the court are two
motions:  first, the Crakers' motion to compel [doc. no. 29];
and second, State Farm's motion to sever and stay the bad faith
claim [doc. no. 36].

          For the reasons set forth below, we deny the motion to
sever and stay.  As a result, we grant the motion to compel to
the extent it seeks discovery relevant to the bad faith claim.
We deny the motion to compel as to waiver of the attorney-client
privilege because the parties have not provided us with
sufficient facts to decide the issue.  The remainder of the
Crakers' motion to compel has been resolved due to agreements
reached by the parties.

I.    FACTUAL BACKGROUND

        More detailed background facts relevant to this case
are set forth in our May 3, 2011 opinion [doc. no. 24].    We
include this brief summary for purposes of resolving this
motion.    The Crakers were involved in a car accident and
received $200,000 from the liable driver's insurance company.
The Crakers filed a claim against their insurance company, State
Farm, seeking to recover an additional $200,000 each under the
underinsured motorist ("UIM") coverage of their automobile
insurance policy.    State Farm refused to pay the Crakers the
full value of their policy and the Crakers sued in the Court of
Common Pleas of Allegheny County, Pennsylvania seeking to
recover that amount.    The Crakers also brought a claim under
Pennsylvania's bad faith insurance coverage statute.    State Farm
removed the case to this court and successfully opposed the
Crakers' motion to remand. [doc. nos. 1, 17, 24].

        This court entered an Initial Scheduling Order
requiring that fact discovery be completed by August 25, 2011.
[doc. no. 22].    Two days before that deadline, the Crakers moved
to extend the discovery period. [doc. no. 27].    Although State
Farm opposed the motion, the court granted the motion and set a
new discovery cut-off date of December 1, 2011. [doc. nos. 20,
31, 32].

2

One day before the original discovery cut-off date, the Crakers filed a motion to compel. [doc. no. 29]. State Farm opposed that motion, and on the same day filed a motion to sever and stay the bad faith claim. [doc. nos. 35, 36]. In short, State Farm refuses to engage in any discovery that is directed to the bad faith claim until after the UIM claim is decided. According to State Farm, it would be irreparably prejudiced in its defense of the UIM claim if forced to disclose claim file materials and information regarding its mental impressions and evaluation of the Crakers' claim, which information is relevant only to the bad faith claim. Therefore, State Farm asks that we sever and stay the bad faith claim while the underlying UIM litigation is pending.

## II.       DISCUSSION

### A.    Motion to Sever and Stay

We first address State Farm's later-filed motion to sever and stay, as its resolution will dispose of some portions of the Crakers' motion to compel.

Although both State Farm and the Crakers debate whether the UIM claim should be tried separately from the bad faith claim in their papers, that is not the real question we must decide. State Farm wishes to avoid any discovery directed to the bad faith claim until after the UIM claim is resolved.

As such, State Farm is not moving to bifurcate trial (FED. R. CIV. P. 42(b)), but to obtain a phased discovery plan (FED. R. CIV. P. 26). Further demonstrating the true nature of State Farm's motion, we point out that even if we were to bifurcate the trial, it would not necessarily follow that we would order phased discovery. Having identified the true issue to be decided, and the authority under which we will decide it, we find that it would be inappropriate to enter a phased discovery plan at this point in the litigation.

Under Federal Rule of Civil Procedure 26(f)(3)(B), in formulating a discovery plan the parties must state "whether discovery should be conducted in phases or be limited to or focused on particular issues." FED. R. CIV. P. 26(f)(3)(B). Therefore, phased discovery is appropriate in federal court. However, in this case the parties' Rule 26(f) Report states that "[d]iscovery is not anticipated to be completed in phases." [doc. no. 13 at p. 5]. The court acknowledges that State Farm stated its intention in that same Report to object to discovery directed to the bad faith claim. But we find that State Farm's stated intention to object is inconsequential given that the parties specifically informed the court that they had agreed that discovery would not be completed in phases.

4

Relying on the parties' Rule 26(f) Report, the court entered an Initial Scheduling Order directing that all fact discovery be completed by August 25, 2011.   State Farm's motion to sever and stay, which we have already indicated is actually a motion to conduct discovery in phases, was made twelve days after that original discovery deadline had passed.   As a result, State Farm's request that discovery on the bad faith claim not be permitted until after the UIM claim has been resolved is untimely.

Putting aside these procedural and temporal difficulties with State Farm's motion and looking at State Farm's request solely on its merits, we conclude that it would be improper at this juncture to postpone discovery on the bad faith claim until after the UIM claim is resolved.   To do so would delay final resolution of this case.   An entirely new discovery plan, and discovery period, would have to be created after the UIM claim is decided by the jury.   As such, the court would be unable to seek an advisory verdict on the bad faith claim from the same jury that decided the UIM claim.   In addition, proceeding as State Farm proposes would result in inefficiencies and increased costs for the parties.   Some of the same witnesses would have to be re-deposed and different documents in the same files would have to be relocated and produced.

5

State Farm has identified no benefit to proceeding as it proposes, other than protecting its interests by shielding potentially unfavorable evidence relevant to the bad faith claim from the jury deciding the UIM claim. Engaging in phased discovery is not the only way to protect that interest, to the extent it is deemed valid. There are adequate procedures available in federal court, including staged trials and jury verdicts to address this concern.

State Farm's argument that the bad faith claim could become moot if the UIM claim is resolved in its favor is not a sufficient reason to evade all discovery on the bad faith claim. As an initial matter, resolution of the bad faith claim in State Farm's favor would not necessarily render the Crakers' bad faith claim moot. Such a result would depend on the facts of the case. Accordingly, to await the jury's verdict on the UIM claim before conducting discovery on the bad faith claim on this basis is speculative. Similarly, State Farm's objections based on the confidentiality and sensitivity of the information sought by the Crakers' on the bad faith claim fall short. Although the court recognizes the sensitivity of some of the materials that will be produced and of the testimony that will be taken, such issues can be easily resolved through the use of appropriate confidentiality agreements and protective orders. As counsel for both parties regularly engage in insurance litigation, the

6

court anticipates that agreement on such orders will be expeditiously reached.

In summary, State Farm has failed to provide the court with sufficient justification for ordering that discovery proceed in phases at this point in the litigation. State Farm will have the opportunity to request bifurcation of trial at the post-discovery status conference. At that time, the court will consider the issue, under federal rules and procedures. To the extent State Farm relies on and seeks the benefit of favorable rulings made by state court judges in this judicial district regarding the administration of bad faith claims, State Farm committed a strategic error by removing this case. Having single-handedly selected this forum, State Farm must now abide by our rules and procedures. Under those rules and procedures, it is too late to seek phased discovery, and too early under the circumstances to seek bifurcation of issues for trial. As such, we deny State Farm's motion to sever and stay.

## B. Motion to Compel

The Crakers filed a motion to compel arguing that State Farm's responses to their interrogatories and document requests were incomplete and insufficient. State Farm had objected to much of the Crakers' discovery on the grounds that: (1) it was premature because the IUM claim had not yet been

7

resolved; (2) it called for materials protected by the attorney-client privilege and work product doctrine; (3) it sought confidential business information; and (4) it sought information that was irrelevant. [doc. no. 29 at p. 2].

Before addressing this motion on the merits, we address State Farm's argument that the motion to compel should be denied because the Crakers' failed to meet and confer before filing it. We agree with State Farm that some issues raised in the motion to compel could have been resolved had the Crakers' fulfilled their duty to meet and confer, and we do not condone the Crakers' failure to do so. However, because briefing nevertheless would have been required on the question of whether to postpone discovery on the bad faith claim until after the UIM claim had been decided, we will not sanction the Crakers. We advise both parties that future violations of this duty, as well as any other discovery duty, will result in appropriate court action.

Turning to the merits of the motion to compel, we note that some of State Farm's objections have been resolved by the parties. For instance, State Farm reports that it has now provided the Crakers with a privilege log and has agreed to produce confidential materials subject to entry of a protective order. [doc. no. 35 at p. 5]. To the extent court intervention is still necessary on these issues, we order that State Farm

provide a log explaining its assertions of the attorney-client privilege and the work product doctrine, and that the parties enter into an appropriate protective order to permit the exchange of confidential information.

Some of State Farm's objections have been rendered invalid by our denial of State Farm's motion to sever and stay. Because we denied State Farm's motion to sever and stay, State Farm cannot object to discovery requests on the ground that they are premature or irrelevant because the UIM claim has not yet been resolved. As such, we grant the Crakers' motion to compel in this respect.

Thus, the only remaining issue raised by the Crakers' motion to compel is whether State Farm has waived the attorney-client privilege by asserting an advice of counsel defense. State Farm claims that it has not asserted an advice of counsel defense. [doc. no. 35 at 3, 11]. While recognizing that State Farm "…has not formally raised affirmative defenses in this case…", the Crakers nevertheless contend that State Farm has indicated an intent to rely on an advice of counsel defense in "…their responses to requests and to interrogatories…" [doc. no. 29 at 7]. The Crakers have not designated what statements or responses State Farm has made in discovery that would support a finding of waiver.

9

As such, we do not have adequate information to make a determination on this issue based on the parties' current filings. If the Crakers believe that State Farm has placed advice of counsel at issue in this case, even though it has not pled it as an affirmative defense, then they must file a motion specifically directed to that issue. Said motion shall include citation to specific factual support for the Crakers' contention that State Farm has inserted advice of counsel into this case.

III. CONCLUSION

For the foregoing reasons, we deny State Farm's motion to sever and stay, without prejudice to seek bifurcation of the trial at the post-discovery status conference. The Crakers' motion to compel has been resolved in some respects due to agreement between the parties, granted in some respects as a result of our denial of State Farm's motion to sever and stay, and denied as to the advice of counsel issue, without prejudice to the Crakers' ability to file a properly supported motion directed to that issue in a timely fashion in light of the impending discovery cut-off date.

The parties are reminded that discovery ends on December 1, 2011. The court will not grant any further extensions and will impose appropriate sanctions, whether monetary or evidentiary, on any party avoiding, disrupting, or

delaying discovery. Future discovery motions will comply in all respects with the Local Rules, as well as with prior orders of this court, or they will be summarily denied on that basis alone.

An appropriate order will be entered contemporaneously with the filing of this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLINTON E. CRAKER and DANA M.      )
  CRAKER,                          )
               Plaintiffs,         )
                                   )
        v.                         )  Civil Action No. 11-0225
                                   )
STATE FARM MUTUAL AUTOMOBILE       )
  INSURANCE COMPANY,               )
               Defendant.          )

ORDER

AND NOW, this **29** day of September, 2011, it is HEREBY ORDERED that State Farm's motion to sever and stay [doc. no. 36] is DENIED, without prejudice; and

It is FURTHER ORDERED that the Crakers' motion to compel [doc. no. 29] is GRANTED, in part, but DENIED, as to waiver of the attorney-client privilege, without prejudice.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record