IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINTON E. CRAKER and DANA M. CRAKER, | CIVIL DIVISION |
| Plaintiffs, | No. 2:11-cv-00225-GLL |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

**ORDER OF COURT**

AND NOW, this **1st** day of **Dec**_____, 2011, it is hereby **ORDERED, ADJUDGED** and **DECREED** that discovery shall occur in this matter pursuant to the within Protective Order as follows:

1. **DEFINITIONS**

   This Order shall be subject to the following definitions:

   1.1   <u>Confidential Information or Items</u>: information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection including, but not limited to:

       (a)   any information that is not publicly available;

       (b)   information that constitutes a trade secret;

       (c)   information, materials, and/or other documents reflecting non-public business strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party; and

       (d)   policyholder-specific information.

   1.2   <u>Confidential Material</u>: any Disclosure or Discovery Material that is designated

as "Confidential."

1.3   Counsel: attorneys who are employees of a corporate Party and attorneys who are not employees of a corporate Party but who have been retained to represent or advise a Party in this action.

1.4   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

1.5   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to any form of discovery in this matter.

1.6   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

1.7   Party: any party to this action, including all of the party's officers, directors, employees, consultants, retained experts, and counsel (and their support staff).

1.8   Producing Party: a Party that produces Disclosure or Discovery Material in this action.

1.9   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

1.10   Receiving Party: a Party that receives Disclosure or Discovery Material from

a Producing Party.

## 2. SCOPE

The protections conferred by this Order cover not only Confidential Material (as defined above) but, also, any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Material.

## 3. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 4. DESIGNATING CONFIDENTIAL MATERIAL

4.1     <u>Exercise of Restraint and Care in Designating Confidential Material</u>. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection, that Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this

{R0260410.1 }                                              3

Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(1) *for information in documentary form* (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains Confidential Material.

    (a) A Party or non-party that makes original documents or materials available for Inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate "CONFIDENTIAL" legend on each page that contains Confidential Material.

(2) *for testimony given in deposition or in other pretrial or trial proceedings*, the Party or non-party offering or sponsoring the testimony should identify on the record, before the close of the deposition, hearing, or other proceeding, all confidential testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." Failure of Counsel to designate testimony or exhibits as confidential at deposition or trial, however, shall not constitute a

waiver of the confidentiality of the testimony or exhibits. Upon receipt of the transcript, Counsel shall be entitled to designate specific pages and lines of the transcript or the exhibits as Confidential within 30 (thirty) days after receipt of the transcript.

Transcript pages containing Confidential Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

4.3   No Waiver.

(a)   Review of Confidential Material by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b)   The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

(c)   The inadvertent production of any document or information without a Confidential designation shall not waive any privilege or right to designate any document or information as Confidential. If the producing Party discovers after a document or information was produced that such document or information contains Confidential Material not previously designated as such, the producing Party shall notify the receiving Party within five days of such discovery of the new Confidential designation in writing, and thereafter the documents or information shall be treated as Confidential, subject to the terms of this Order.

5.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

   5.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   5.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

   5.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 6. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

6.1  Basic Principles.  A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 9, below (FINAL DISPOSITION).

Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2  Disclosure of Confidential Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees (including in-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone, except as permitted under this Order; and

(g) the author of the document or the original source of the Confidential Materials.

## 7. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Confidential Material; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

## 8. FILING CONFIDENTIAL MATERIAL

Without written permission from the Designating Party or an order from the Court, secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. A Party that seeks to file under seal any Confidential Material must comply with the applicable Federal Rules of Civil Procedure.

## 9. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party shall either destroy or return to the Producing Party's outside counsel all documents (and all copies of such documents in whatever form made or maintained) produced in this action. The Producing Party shall have the sole right to determine which of the disposition options in the preceding sentence shall be implemented. All electronic copies of documents or data stored on an electrical storage media, (including CD's, DVD's, and computer hard drives) shall be destroyed, reformatted, or otherwise erased or deleted, so that the electronic information stored on such media cannot be retrieved. The Receiving Party shall, within 60 days of the final termination of this action, provide counsel for the Producing Party with a written certification of compliance with this Section.

### 10. MISCELLANEOUS

10.1 Nothing in this Order abridges the right of any person to seek modification of this Order by the Court in the future.

10.2 Nothing in this Protective Order shall constitute: (1) any agreement by the Parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by court order; (2) a waiver by any person or Party of any right to object to or seek a further protective order with respect to any discovery request in this or in any other action; (3) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information; or (4) a waiver of any objection to the admissibility of any evidence at trial, in any pretrial proceeding or on appeal. Moreover, nothing herein shall be construed to restrict any Party's use of information that is possessed or known prior to disclosure by another Party, or is public knowledge, or is independently developed or acquired from an independent source.

10.3     In the event documents which have been produced are claimed to have been inadvertently produced as subject to a claim of attorney-client privilege, attorney-work product protection, or any other applicable privilege, such documents shall be returned by the receiving parties to the producing party within five (5) days of any written request, unless the receiving parties challenge the privileged nature of the document(s), in which case the challenging party shall make application to the Court for the documents in question not to be protected by the attorney-client, work product, or any other privilege within ten (10) days of written notification that such documents were inadvertently produced. While such application is pending, the receiving parties shall not use or divulge the contents of such document(s) except to the Court under seal and shall follow the requirements of the applicable Federal Rules of Civil Procedure. The inadvertent production of any document claimed to be privileged shall not constitute a waiver of any such privilege.

BY THE COURT,

_____ J.