IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLINTON E. CRAKER and DANA M.        )
  CRAKER,                            )
              Plaintiffs,            )
                                     )
        v.                           )   Civil Action No. 11-0225
                                     )
STATE FARM MUTUAL AUTOMOBILE         )
  INSURANCE COMPANY,                 )
              Defendant.             )

MEMORANDUM

Gary L. Lancaster,                              December $\underline{9}$, 2011
Chief Judge

        This  is  an  insurance  coverage  action  involving  a
dispute over payment of underinsured motorist benefits.    Fact
discovery was originally scheduled to end on August 25, 2011,
but was extended to December 1, 2011 upon the Crakers' motion.
Before the court is the Crakers' second motion to compel, which
the Crakers have again filed just prior to expiration of the
discovery period. [doc. no. 46].   More detailed background facts
are set forth in our May 3, 2011 and September 29, 2011 opinions
[doc. nos. 24 and 44].    As we write only for the parties, we
include no factual summary here.

        The Crakers ask this court to compel State Farm to
produce two categories of documents: first, reserve information,
and  second,  "…information  related  to  counsel  acting  as
adjustor." [doc. no. 46 at 1].    We grant the motion as to the
first category of documents, but deny it as to the second.   Fact

discovery has ended and will not be extended, other than for the sole purpose of allowing State Farm a reasonable amount of time to produce the reserve information documents, as discussed below.

The Crakers ask the court to compel State Farm to provide reserve information, which State Farm has refused to produce on the ground that it is irrelevant. [doc. no. 46 at 5]. The Crakers sought the production of reserve information in their first motion to compel.  In opposition to that first motion to compel, State Farm argued that reserve information was not discoverable until after the UIM claim was resolved, making the Crakers' discovery requests premature. [doc. no. 35 at 5, 7-8, 10].  We disagreed with State Farm and ruled in favor of the Crakers on this point. [doc. no. 44].  However, State Farm has persisted in refusing to produce this information and now opposes the Crakers' second motion to compel production of the reserve information on the ground that it is not relevant. [doc. no. 49 at 9].  Having lost on the timing question, State Farm now advances an entirely new argument that the reserve information can never be discoverable because it is irrelevant. Such tactics have no place in this court.

2

This court's prior ruling required State Farm to produce all evidence that it was then withholding on the ground that the UIM claim should be severed from, and decided before, the bad faith claim. At the time, State Farm itself identified "reserves" as one such type of evidence, as well as its "mental impressions and evaluations of the UIM claims." [doc. no. 35 at 5, 7, 10]. The court ruled against State Farm on this issue. State Farm should have then produced, and must now produce all documents relating to the existence and amount of reserves, as well as to State Farm's "mental impressions, evaluations, reserve information and the like." [doc. no. 35 at 7].

The Crakers have identified documents marked CRA00078, CRA00080, CRA00097, CRA00098, CRA01369, and CRA01380 on State Farm's Privilege Log as being wrongfully withheld. State Farm must produce those documents within seven days of entry of this opinion and the related order on the court's docket. To the extent there are other such documents still being withheld by State Farm on the same ground, they must also be produced. See, e.g., Privilege Log (11/11/11), CRA00022, CRA00030, CRA00624-25, and CRA01593-97.

The Crakers have also asked that we compel State Farm to produce numerous documents either drafted by or written to Kathleen Segmiller before this case was filed. Ms. Segmiller is an attorney with the firm of Segmiller & Mendicino in

Pittsburgh, Pennsylvania.  She has entered her appearance in this case on behalf of State Farm.  The Crakers contend that Attorney Segmiller's documents should be produced because the Crakers "believe" that Segmiller was not acting as an attorney before the complaint was filed, and was only discussing underlying facts at the time. [doc. no. 46 at 8-9].

The Crakers' motion is both untimely and unsound based on the facts of this case.  As to the timeliness of the motion, the Crakers' argument that pre-complaint communications cannot be privileged has existed, and has remained factually unchanged, since State Farm provided its first Privilege Log on September 6, 2011.  No further explanations from State Farm on subsequent Privilege Logs could change the fact that the communications occurred before the complaint was filed and involved Attorney Segmiller.  As such, there can be no credible explanation as to why the Crakers waited more than two months before filing a motion to compel on this basis.

Putting aside this timing issue, the Crakers' motion is substantively baseless.  Although the Crakers did not file their complaint in state court until 2011, they had been represented by counsel in their dispute with State Farm since at least 2007.  The Crakers' counsel has communicated on their behalf with State Farm and its counsel since that time.  The Crakers, through their counsel, submitted a notice of intent to

4

sue under the policy and in February of 2008 issued a formal, written demand for payment thereunder. This factual backdrop indicates that both the Crakers and State Farm were represented by counsel and preparing for litigation as early as 2007. There is no dispute that all of the Segmiller communications that the Crakers now seek occurred months after they sent their formal demand to State Farm in February of 2008. See e.g., CRA01664-65 (first privileged letter dated November 24, 2008).

As such, the Crakers' bare assertions and "belief" that Attorney Segmiller's pre-complaint communications with representatives of State Farm's claims department were nothing more than factual discussions, unrelated to legal theories or defenses are insufficient, at this late date in the proceedings, to justify an order requiring State Farm to produce documents it has identified as privileged on its Privilege Log. State Farm has adequately established the basis of its assertion of the attorney-client privilege over the documents that the Crakers request. [doc. no. 46 at ¶ 26]. The Crakers have failed to sufficiently challenge State Farm's assertion of the privilege. In fact, based on this record, and the timing of the motion, we find that in camera review of the documents is unwarranted.

An appropriate order will be entered contemporaneously with the filing of this memorandum.  Given that we have granted the Crakers' motion in part, but also denied it in part, we will not award the reasonable expenses incurred in connection with this motion to either party, nor impose sanctions.  FED. R. CIV. P. 37(a)(5).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLINTON E. CRAKER and DANA M.  )
  CRAKER,                       )
                Plaintiffs,     )
                                )
        v.                      )  Civil Action No. 11-0225
                                )
STATE FARM MUTUAL AUTOMOBILE    )
  INSURANCE COMPANY,            )
              Defendant.        )

ORDER

AND NOW, this 9th day of December, 2011, it is HEREBY

ORDERED that the Crakers' second motion to compel [doc. no. 46]

is GRANTED in that State Farm must produce within seven (7) days

of the entry of this order on the court's docket documents

labeled CRA00078, CRA00080, CRA00097, CRA00098, CRA01369, and

CRA01380, and any other documents still being withheld by State

Farm on the ground that reserve information is irrelevant and

not discoverable;

IT IS FURTHER ORDERED that said motion is DENIED in

all other respects.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record