IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINTON E. CRAKER and DANA M. CRAKER, <br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br> Defendant. | Civil Action No. 11-0225 |

MEMORANDUM

Gary L. Lancaster  August 3, 2012
Chief Judge.

This is an insurance coverage action involving a dispute over payment of underinsured motorist benefits ("UIM"). The Crakers' complaint asserts causes of action for both breach of contract and bad faith pursuant to 42 Pa. Cons. Stat. § 8371. Before the Court is State Farm's Motion in Limine to Bifurcate Pursuant to Fed. R. Civ. P. 42(b). [Doc. No. 96].

The Court previously denied State Farm's motion to sever and stay the bad faith claim, which we construed as an untimely motion to conduct phased discovery pursuant to Federal Rule of Civil Procedure 26. [Doc. No. 44]. The Court also previously indicated at the Post-Discovery Status Conference that it intended to deny any motions to bifurcate trial. For the following reasons, we deny State Farm's motion.

State Farm argues that bifurcation is appropriate because the issues to be decided on the UIM claim are entirely separate from the issues to be decided on the bad faith claim, and because a verdict in its favor on the UIM claim could render the bad faith claim moot. The Crakers contend that bifurcation would be ineffective in this case because the issues and evidence overlap, and because the UIM and bad faith claims are not dependent on each other under Pennsylvania law.

Bifurcation of trial is within the court's discretion. Fed. R. Civ. P. 42(b); Barr Labs., Inc. v. Abbott Labs., 978 F.2d 98, 105 (3d Cir. 1992). Separation of issues for trial is not to be routinely ordered. Kiskidee, LLC v. Certain Interested Underwriters at Lloyd's of London, 2012 WL 1067918 (D.V.I. Mar. 26, 2012) (citing Lis v. Robert Packer Hospital, 579 F.2d 819, 824 (3d Cir. 1978)). In determining whether to bifurcate, the court must balance considerations including the convenience of the parties, the avoidance of prejudice to either party, and "promotion of the expeditious resolution of the litigation." Official Comm. Of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (internal quotation omitted). Specifically, the court is to consider: (1) whether the issues are significantly different from each other; (2) whether they require separate witnesses and documents; (3) whether the non-moving party would be prejudiced by bifurcation;

2

and (4) whether the non-moving party would be prejudiced if bifurcation is not granted. Id. The moving party bears the burden of demonstrating that bifurcation is appropriate. Reading Tube Corp. v. Employers Ins. of Wausau, 944 F. Supp. 398, 404 (E.D. Pa. 1996).

The Court has weighed these considerations and finds that bifurcation of the trial is not appropriate in this case. First, there is considerable overlap in the issues. Both claims centrally involve State Farm's valuation of the Crakers' injuries and losses. In this case, there is no question that State Farm's UIM coverage has been triggered, that the Crakers were without fault in the accident, that the Crakers suffered injuries requiring past and future surgeries as a result of the accident, and that State Farm has refused to meet the Crakers' demand for payment of full UIM coverage. The only issue in dispute on the UIM claim is the valuation of the Crakers' injuries. The same issue is central to the Crakers' bad faith claim.

Second, although the bad faith claim will require additional witnesses and evidence as compared to the breach of contract claim, the parties' pretrial statements indicate that many witnesses would be required to testify in both phases. It would waste judicial resources and cause inconvenience to require those witnesses to testify twice in the same trial.

Finally, State Farm argues that both parties will be prejudiced if bifurcation is not granted, because the testimony of trial counsel may be relevant to the bad faith claim. The possibility that counsel will be called to testify is "a risk of litigation" and does not require bifurcation. See, Calestini v. Progressive Cas. Ins. Co., No. 09-1679, U.S. Dist. LEXIS 117138 (M.D. Pa. Dec. 19, 2009) at *2. Both parties will have the ability to use substitute trial counsel, if necessary. The potential prejudice presented by this situation does not outweigh the Court's obligation to promote the expeditious resolution of this matter, particularly given the substantial overlap in issues and evidence.

State Farm has failed to satisfy its burden to demonstrate that bifurcation is appropriate under the facts of this case. In addition, it has also relied on case law that is not controlling on this Court, and is distinguishable, both factually and in that it addresses the bifurcation of bad faith claims either before or during the fact discovery phase of a case. Here, the Court issued its final scheduling order in December of 2011 and trial is scheduled to commence in less than three months.

As such, we deny State Farm's motion in limine to bifurcate the trial. An appropriate order will be filed contemporaneously with this opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINTON E. CRAKER and DANA M. CRAKER, <br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 11-0225 <br> ) <br> ) <br> ) <br> ) |

ORDER

AND NOW, this 3rd day of August, 2012, IT IS HEREBY ORDERED that, for the reasons set forth in the accompanying memorandum, defendant's Motion in Limine to Bifurcate Pursuant to Fed. R. Civ. P. 42(b) [Doc. No. 96] is DENIED.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record